REGAN, Judge.
Plaintiff, Ruth Jones Davis, instituted these tutorship proceedings in the Civil District Court for the Parish of Orleans, endeavoring to qualify as natural tutrix of her four minor children.
An exception to the jurisdiction of the court ratione materiae was pleaded by the minors’ brother, August David La Fauci, plaintiff’s oldest child who has been emancipated by marriage, and by Mr. and Mrs. Leo A. Terrebonne, residents of Jefferson Parish who have had custody of the minors since the year of 1959. They asserted that the minors’ domicile is located in Jefferson Parish; therefore, the district court thereof is the proper venue for these tutorship proceedings.
From a judgment maintaining the exception to the jurisdiction, the plaintiff has prosecuted this appeal.
In a separate proceeding, plaintiff also endeavored to open the succession of her husband in a matter entitled “Succession of August Charles La Fauci”, wherein she petitioned to qualify as administratrix of his estate. In order to facilitate and expedite the trial hereof, both suits were consolidated for that purpose in the lower court.
The record reveals that on December 8, 1959, the Juvenile Court of Jefferson Parish awarded temporary custody of plaintiff’s four minor children to Mr. and Mrs. Leo Terrebonne, residents of Gretna, Louisiana. From this judgment, plaintiff appealed to this court and we concluded that she was not a fit person to have custody of her four minor children; therefore, they should remain in the custody of Mr. and Mrs. Leo *234 Terrebonne.[1] Plaintiff then applied for a writ of certiorari to the Supreme Court, which was refused.[2]
Some time prior to December of 1959, plaintiff and her husband began living separate and apart; however no suit was instituted to dissolve the marriage. The domicile of her husband was located in Jefferson Parish, and the plaintiff was domiciled in Orleans Parish.
On December 31, 1961, August La Fauci, the children’s father, drowned in the course of his employment, aboard the “Inland ■Pilot”,' a tugboat owned by the Inland River Company of Houston, Texas. Plaintiff remarried after the death of her estranged husband.
She is now attempting to qualify as natural tutrix of her children and as adminis-tratrix of the decedent’s estate in order to prosecute a civil action in the federal court for the benefit of her children against her former husband’s employer and its insurer.
The only question which this appeal has posed for our consideration is whether the trial court erred in maintaining the exception to the jurisdiction thereof.
Appellant argues that the Civil District Court is the proper venue since the children’s mother is domiciled in Orleans Parish. .He predicates this contention entirely upon the rationale of LSA-C.C.P. Art. 4031, which reads:
“A petition for the appointment of a tutor of a minor domiciled in the state shall be filed in the district court of the parish where the surviving parent is domiciled, if one parent is dead, or in the parish where the parent or other person awarded custody of the minor is domiciled, if the parents are divorced or judicially separated.
“In all other cases, the petition shall be filed in the parish where the minor resides.”
We agree with counsel for the-, appellant that the general rule is to the effect that the venue for a tutorship proceeding is the domicile of the surviving parent; however, the special facts hereof are not embraced thereby. These facts reveal that the plaintiff has been judicially pronounced an unfit mother, and that her children are domiciled in the Parish of JefFerson; therefore, the court located in the parish where the minors are domiciled possesses jurisdiction hereof. This case is clearly encompassed by the rationale contained in the second paragraph of LSA-C.C.P. Art. 4031, which requires that these proceedings, because of the special facts enumerated hereinabove, be initiated in the parish where the minors are domiciled.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The State of Louisiana in the Interest of August La Fauci, Leo A. La Fauci, Judith Ann La Fauci and Pascal La Fauci, La.App., 146 So.2d 695 (1962).

. Writs were refused on January 25, 1963.