AYRES, Judge.
Writs were issued in the instant case to afford a review of the action of the trial court in severing the actions for the appointment of a tutor from that for custody of the minors, Anthony Wayne Bogues and Ñola Sherie Bogues, whose ages are approximately 8 years and 6 years, respectively. The contest is between James D. Boyett, brother-in-law of the minors’ mother, and William Rod Bogues, a resident of Webster Parish, the “adoptive” grandfather of the minors.
Information disclosed through allegations in the record is that these children were born of the marriage of Patsy Led-ford and William Ledford, whose custody, upon the divorce of their father and mother, September 24, 1965, was awarded to their mother. Mrs. Ledford thereafter, on November 26, 1966, married Jerry Wayne Bogues, who subsequently adopted these children. After their marriage, Mr. and Mrs. Bogues acquired a home and established their matrimonial domicile in Caddo Parish, Louisiana, where they and the children resided until the unfortunate and untimely death of both Mr. and Mrs. Bogues November 28, 1969.
Soon after their parents’ death, these children, so it is alleged, were taken to the Caddo Parish Juvenile Court which declined jurisdiction inasmuch as the children did not appear to be neglected. Thereafter the children were carried by a brother of their adoptive father to the home of Mr. and Mrs. William R. Bogues, their adoptive grandparents, in Webster Parish. Through proceedings instituted in the juvenile court of Webster Parish, provisional custody of the children was entrusted to Mr. and Mrs. William R. Bogues pending a final determination of the questions of their tutorship and custody. This prior determination was a basis of the court’s action in effect severing for trial the matters of tutorship and custody.
We find no error in the conclusion reached by the trial court that it had jurisdiction, particularly of the matter of tutorship of the minors. The minors’ residence and domicile are in Caddo Parish. It was in that parish their father and mother owned and occupied their home and, thus, maintained their residence and domicile. Their residence and domicile were the residence and domicile of the minors.
As a general rule, the appointment, recognition, and confirmation of tutors must be made by the court of the parish where the minors have their domicile. LSA-C.C.P. Art. 4031. Under circumstances such as these, the rule is well established in our jurisprudence that the court located in the parish where minors are domiciled possesses jurisdiction of proceedings for the appointment of tutors.
Succession of Delesdernier, 184 So.2d 37, 48 (La.App., 4th Cir. 1966);
In re Tutorship of La Fauci Children, 156 So.2d 233 (La.App., 4th Cir. 1963 —cert. refused).
Generally, but not necessarily so, “The tutor shall have custody of and shall care *667 for the person of the minor. He shall see that the minor is properly reared and educated in accordance with his station in life.” LSA-C.C.P. Art. 4261.
Therefore, the questions as to the minors’ tutorship and their custody are intertwined, and the evidence applicable to one is generally pertinent to the other. We can conceive of no reason why these two issues may not be tried at one and the same time.
Nor do we find any basis, under LSA-C.C.P. Art. 4031, for the contention that the juvenile court of Webster Parish has pre-empted the jurisdiction of these minors. This article provides, in part:
“A petition for the appointment of a tutor of a minor domiciled in the state shall be filed in the district court of the parish where the surviving parent is domiciled, if one parent is dead, or in the parish where the parent or other person awarded custody of the minor is domiciled, if the parents are divorced or judicially separated.”
Thus, a proceeding in the tutorship of minors must be in the parish where the parent or other person awarded custody of the minors is domiciled, if and only when the parents are divorced or judicially separated. “In all other cases [not embraced within an exception provided above], the petition shall be filed in the parish where the minor resides.” (Emphasis supplied.) LSA-C.C.P. Art. 4031.
Nor does the action taken by Mr. and Mrs. William R. Bogues in the juvenile court of Webster Parish alter the matter of jurisdiction of the First Judicial District Court in and for Caddo Parish, Louisiana, in that the custody award was to supply a temporary need which, according to its terms, was to remain in effect until revoked or rescinded by further orders of the court. This is evidenced by an extract of the minutes under the signature of the judge of the juvenile court which reads as follows:
“Exception to Jurisdiction filed by Mr. Dehan on behalf of James Boyette was called and argued.
“The exception was overruled for the reasons orally assigned, but the Court stated in connection with its ruling that the ultimate determination of custody of these two small children should be made by the District Court either in Caddo or Webster Parish and, as soon as such determination had been made and become final, this Juvenile Court would vacate its original temporary order.
“I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE JUVENILE COURT MINUTES OF JANUARY 13, 1970.
/s/ Enos C. McClendon, Jr._
ftj Enos C. McClendon, Jr., Judge”
Moreover, it may be pointed out no tutorship proceedings have been instituted in Webster Parish. Hence, the provisions of LSA-C.C.P. Art. 4033, with respect to proceedings for the appointment of a tutor instituted in two or more courts, particularly wherein it is declared:
“ * * * the court in which a petition was first filed shall proceed to a determination of the issues and the proceedings in the other courts shall be stayed,”
have no application to the situation presented here for the reason the language of this article obviously contemplates that such proceedings be filed in competent courts, that is, courts with jurisdiction, as LSA-C.C.P. Art. 44 specifically declares that the venue provided in enumerated articles of the Code of Civil Procedure, including Art. 4031, may not be waived. We interpret the order of the judge of the juvenile court of Webster Parish, as explained in the extract of the minutes quoted above, to be that the award of custody *668 of the minors was only temporary and to be effective only until their custody was determined by the district court either in Caddo or Webster Parish, and the intent and purpose of such order was not to delay a determination of the matter of custody by the district court of either Caddo or Webster Parish.
For the reasons assigned, the writs issued are perpetuated and made final; and
Judge James R. Alexander of the First Judicial District Court in and for Caddo Parish, Louisiana, be, and he is hereby, ordered to proceed to assign for trial and try this cause with respect to both tutorship and custody of the minors, Anthony Wayne Bogues and Ñola Sherie Bogues, to hear all relevant and pertinent testimony as to both questions, and to resolve them and enter his decree accordingly.
The cost of this proceeding is apportioned equally between the parties.