422 So.2d 726 (1982)
SUCCESSION OF Bernadette Wetmore, Wife of and Paul H. WETMORE.
No. 13080.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1982.
Rehearing Denied December 21, 1982.
*727 William M. Detweiler, New Orleans, for plaintiff-appellant.
Plauche F. Villere, Jr., New Orleans, for defendant-appellee.
Barry F. Viosca, Metairie, curator ad hoc, for minor.
Before GULOTTA, KLEES and AUGUSTINE, JJ.
ISRAEL M. AUGUSTINE, Jr., Judge.
This is a contest for the custody and tutorship of Mark Allen Wetmore, a minor nine years of age. The applicants are Mrs. Wetmore, the paternal grandmother; Mrs. *728 Sandra Whittaker, the paternal aunt; and Mrs. Charlotte Patten, a close friend of the Wetmores, who presently has physical custody of the minor child.
Mark Wetmore was adopted by Paul and Bernadette Wetmore when he was two weeks old, and was cared for by his parents until their death. Bernadette Wetmore died on August 23, 1980, apparently killed by her husband, Paul Wetmore, who later that day committed suicide. Paul Wetmore physically placed the child in the care of Mrs. Charlotte Patten shortly before he took his own life. In addition, he left a note indicating that Mrs. Patten should care for the child.[1] On September 3, 1980, Mrs. Augusta Wetmore and Mrs. Sandra Whittaker, the appellants herein, filed proceedings seeking to be appointed co-administratrices and co-provisional tutrices. The petition was granted the same day. Mrs. Patten opposed this appointment by filing a proceeding to name herself as tutrix; however, no action was ever taken on her petition. Although the appellants' petition was granted, Mrs. Patten retained physical custody of the child. The appellants, thereafter, filed a petition for habeas corpus and custody. A curator ad hoc was appointed to represent the child individually.
After trial on the custody issue only, judgment was rendered in favor of Mrs. Charlotte Patten awarding visitation to the paternal grandmother. Mrs. Wetmore and Mrs. Whittaker have appealed.
Appellants argue that the trial court erred in awarding custody and tutorship of the child to a nonrelative when qualified relatives are available for appointment. We agree and, as a result, reverse the trial court.
Upon dissolution of marriage between mother and father, as in the death of one or both of the parents, a tutor must be appointed to care for the unemancipated child and his estate. C.C. Art. 246. There are four types of tutorships in Louisiana: (1) tutorship by nature, (2) tutorship by will, (3) tutorship by effect of law, and (4) dative tutorship. Each requires confirmation or appointment by the court and the applicant must qualify for office as required by law.
Each form of tutorship is invoked only in the absence of a candidate with a higher priority. Thus, when the categories of natural tutorship and tutorship by will produce no candidates to the court, or in the event that available candidates are disqualified or refuse to come forward, Civil Code Article 263 requires that, in appointing a tutor, the court look first to a close relative of the minor child before considering a stranger:
When a tutor has not been appointed to the minor by father or mother dying last, or if the tutor thus appointed has not been confirmed or has been excused, then the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, collaterals by blood within the third degree and the surviving spouse of the minor's mother or father dying last, the person whose appointment is in the best interests of the minor. C.C. Art. 263.
Apparently the trial court interpreted the phrase "the person whose appointment is in the best interests of the minor" to mean any person whose appointment would be in the best interest of the child. We do not think this a correct analysis of the statute. Although the judge is obliged to consider "the best interests of the child," such consideration cannot include the appointment of a stranger unless no qualified applicants exist within the categories of Art. 263.
In the present case, the paternal aunt and the paternal grandmother each sought to be appointed under Article 263. *729 The record suggests that the child's best interests would be better served by the appointment of the grandmother. Ms. Sandra Whittaker, the paternal aunt, testified that she is living with a man with whom she had no intentions of marriage. It has been held that such an atmosphere is not suited to the best interests of a child. Larroquette v. Larroquette, 293 So.2d 628 (La. App. 4th Cir.1974). We therefore find that between the two qualified applicants, Mrs. Augusta Wetmore's appointment as tutor would be in the child's best interest.
Mrs. Patten, the non-relative, could be appointed only upon the disqualification of Mrs. Wetmore as stated by C.C.P. Art. 4231. Disqualification is a matter of factual proof, whose burden rests with the party seeking to establish the disqualification. Mrs. Wetmore cannot, therefore, be rejected merely because another applicant is more favorably qualified. The record is absolutely devoid of any evidence which would render Mrs. Augusta Wetmore disqualified under the statute; therefore, the defendant-appellee failed to carry her burden of proof. It follows that the trial court erred in awarding the child to Ms. Patten.
We find that Mrs. Wetmore was not disqualified pursuant to C.C.P. Article 4231 and that her appointment as tutor would be in the best interest of the child. The judgment of the trial court awarding custody and tutorship to Mrs. Charlotte Patten is hereby reversed and awarded to Mrs. Augusta Wetmore, the paternal grandmother.
REVERSED.
NOTES
[1] In the present case we do not reach the question whether the note left by Mr. Wetmore constitutes an olographic will thereby appointing Ms. Patten as tutrix. Mrs. Charlotte Patten had not been confirmed by the court as required by Civil Code Article 248 and Article 263, even if we find that she had been appointed. As a result, the other provisions of Article 263 apply.