665 So.2d 444 (1995)
In the Matter of the CUSTODY OF Allen J. BOOTY.
No. 95 CA 0828.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Rehearing Denied January 23, 1996.
*445 Douglas T. Curet, Hammond, for Movant Exceptor/AppellantRay Allen Booty Tutor for Allen J. Booty.
Michael J. Harig, Heyward Jeffers, Jr., Baton Rouge, for Petitioner/AppelleeScott Jeffers.
Before LOTTINGER, C.J. and GONZALES and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
Major Scott Jeffers, U.S.A., filed a petition for custody of the minor child, Allen J. Booty, in the Family Court in and for the Parish of East Baton Rouge (family court), shortly after the death of the child's parents. Major Jeffers, the child's maternal uncle, is stationed in Florida; he is married and has two children. The court issued a temporary ex parte custody order and allowed Major Jeffers to take the child to Florida.
The paternal grandfather, Ray Booty, filed a "Motion To Dismiss/Vacate, Alternatively, Transfer, and Other Relief." In that motion, Mr. Ray Booty alleged (1) that he had been appointed the provisional tutor for the minor child by the Twenty-first Judicial District Court for the Parish of Tangipahoa (21st JDC), (2) that the court should not have allowed the child to leave Louisiana, (3) that Tangipahoa Parish was the proper forum for *446 all custody related matters, and (4) that Mr. Booty should be appointed custodian.
A hearing on the motion took place on October 25, 1994. After the hearing, the trial court maintained custody with the maternal uncle, Major Scott Jeffers. A judgment was signed November 7, 1994. In that judgment, the trial court denied the motion to vacate the grant of custody to Major Jeffers. It also denied the motion to transfer the custody matter to the 21st JDC. The trial court waived local rule 26, which would have prohibited Allen from going to Florida. The judgment gave visitation to the paternal grandparents, Mr. and Mrs. Ray Booty. The trial court specifically found the child to be a resident of East Baton Rouge Parish on the date the petition was filed, July 27, 1994, and retained jurisdiction over the custody matter, with a contradictory hearing to be held in the future with all parties. Mr. Booty appealed the November 7, 1994 judgment. He assigns error to the trial court's:
1. failure to find that the minor child was a resident of another parish, and not a resident of East Baton Rouge Parish,
2. failure to keep the minor child in Louisiana, and
3. Failure to relinquish jurisdiction to the 21st JDC.

RESIDENCY
The trial court found that the minor child, Allen J. Booty, resided in Baton Rouge at the time of the filing of the petition for custody. The court noted in its oral reasons for judgment the possibility that the child at one point could have resided in two parishes, East Baton Rouge and Tangipahoa. However, the judgment ruled that the child was a resident of East Baton Rouge Parish.
The terms "residence" and "domicile" are not synonymous. A person may have many residences, but only one domicile. The concept of residence is generally given a much broader meaning than the term "domicile." McMahon v. LIGA, 596 So.2d 1384, 1388 (La.App. 1st Cir.), writ denied, 604 So.2d 970 (La.1992). Residency has no minimal time requirement. Soileau v. Board of Supervisors, St. Martin Parish, 361 So.2d 319, 322 (La.App. 3d Cir.1978). Intent to reside, coupled with physical use or occupation of a residence or living quarters establishes residency. Williamson v. Village of Baskin, 339 So.2d 474, 476 (La.App.2d Cir. 1976), writ refused, 341 So.2d 1126 (La.1977). Black's Law Dictionary defines "reside" as follows: "Live, dwell, abide, sojourn, stay, remain, lodge." Black's Law Dictionary 1308 (6th ed. 1990).
We must also consider the status of the child as a minor. After the death of both parents, the residency of the child is no longer irrevocably tied to the intention or residency of the parents. The intention and residency of authorized adults caring for the minor child at the time of the temporary custody has bearing on the question of residency and domicile.
After thoroughly reviewing the record, we find no error in the trial court's determination that the child resided in East Baton Rouge Parish at the time of the filing of the custody petition. It is undisputed that the child was moved from Tangipahoa Parish. He was delivered to the maternal grandfather and the maternal uncle, Major Jeffers, in Baton Rouge, after the murder of his mother by the child's father, and subsequent suicide of the father. It does not appear that Mr. Booty offered to provide a home for the child and did not object to the move into the home of maternal relatives in Baton Rouge. Before the filing of the custody petition, no objection was made to the move. The maternal relatives, in an effort to provide for the child's immediate well-being, chose to file a petition for custody. Major Jeffers provided a stable traditional environment away from the site of the murder and suicide of the child's parents. To provide security for the child's property, a later tutorship proceeding was filed in East Baton Rouge. It is undisputed, at the time of the filing of the custody, that the child physically abided, dwelled, and lodged in Baton Rouge. The intention of the maternal relatives, including Major Jeffers, was to provide a good home and to care for Allen at the residence in East Baton Rouge Parish and the residence in Florida. These decisions constitute *447 a total shift in the placement of the child. The cumulative effect of these decisions and physical relocation of the child determines the child's residency and domicile.

LEAVING LOUISIANA
According to appellant, Mr. Ray Booty, local court rule 26 requires an ex parte custody order in family court to include language prohibiting the child from leaving the state. This would seem to be a wise precaution when the parents are arguing over custody and where the child should live. However, that was not the factual situation before the trial court.
We note that, under no circumstances, would a failure to follow rule 26 in the ex parte order invalidate the award of custody in the November 7, 1994 judgment. The situation to be remediated by rule 26 was not at issue in this case. In this case, we find no error in the trial court's ruling in waiving local rule 26.

TRANSFER BASED ON UCCJA
We find no merit in the paternal grandfather's argument that, under the UCCJA and the venue article for tutorship proceedings, the custody proceeding was not properly filed in family court. The Florida court, where Major Jeffers filed a petition for guardianship, relinquished jurisdiction. The provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), La.R.S. 13:1700, et seq., do not resolve the dispute between two competing parishes in Louisiana.
Code of Civil Procedure article 74.2 determines the proper venue for custody proceedings. Venue is proper where "a party is domiciled...." Major Jeffers, a party to the custody proceeding, asserted in his amended petition, filed in the record, that he was a domiciliary of East Baton Rouge Parish, with residences in Baton Rouge and Lakeland, Florida. See generally La.C.C. art. 40.1. Mr. Booty did not challenge this information. Venue was proper under Code of Civil Procedure article 74.2 because both Major Jeffers and Allen resided in East Baton Rouge Parish. A fortiori, since the trial court refused to relinquish jurisdiction, we find that the trial court concluded that the residence and domicile of Major Jeffers was East Baton Rouge. It follows that the child's residence and domicile must also be East Baton Rouge. The court had before it the evidence to determine the residency and domiciliary questions. It chose East Baton Rouge Parish, Louisiana. Therefore, we find no merit in the appellant's argument that a custody proceeding must be transferred to the 21st JDC because venue was proper only in Tangipahoa Parish.

TRANSFER BASED ON TUTORSHIP ARTICLES
Mr. Booty alleges that he filed a tutorship proceeding in the 21st JDC, after the custody proceeding was filed in family court in East Baton Rouge Parish. Mr. Booty argues that the family court should have transferred the custody matter as soon as it was advised of a pending tutorship proceeding in Tangipahoa Parish and the appointment of a provisional tutor.
We have already found that venue for the custody proceeding was proper in East Baton Rouge Parish. Custody was awarded to Major Jeffers, and the court allowed the minor child to return to Florida with Major Jeffers. Notwithstanding the trip to Florida, the child remained a domiciliary of Louisiana, and the family court specifically retained jurisdiction over the custody matter.
La.C.C.P. art. 4031 governs the proper venue for filing a tutorship proceeding. La. C.C.P. art. 4031 provides three rules for determination of venue. The only rule applicable here is 4031A(3), which requires the petition to be filed in the parish where the child resides. Article 4033 provides that, if filings occur in two competent parishes, the court of first filing shall proceed to a determination. For both courts to be competent, the child would have to be a resident of both parishes. Based on the evidence in this record and the specific findings of the trial court, the child is a domiciliary and resident of Louisiana and East Baton Rouge Parish, not of Tangipahoa Parish. The child no longer physically lived or abided in Tangipahoa, nor did the legal custodian intend that the child should reside in Tangipahoa.
*448 Even assuming that a provisional tutor was appointed in the 21st, properly or improperly, Mr. Booty, cites no authority holding that a prior custody determination is invalidated automatically by the subsequent appointment of a provisional tutor, or that a tutorship proceeding preempts a custody proceeding. In fact, Mr. Booty cites In Re Bogues, 236 So.2d 665 (La.App.2d Cir.1970) for the proposition that the temporary custody award should not be allowed to preempt a properly initiated tutorship proceeding. We agree. The second circuit in Bogues recognized that the two proceedings, custody and tutorship, are independent of each other, although, admittedly, the appointment of a custodian and a tutor affect each other. See In Re Bogues, 236 So.2d at 666-67. Each proceeding, custody and tutorship, has its own venue article and requirements.
It follows that the corollary is also true. An appointment of a provisional tutor in a tutorship proceeding, especially one filed after the custody action, should not be allowed to preempt or automatically void the prior award of custody. The Bogues court also stated that the appointment of a tutor does not "necessarily" mean that the tutor automatically gains custody. Id. But see La. C.C.P. art. 4261.
Under Code of Civil Procedure article 74.2, an action to have a tutor appointed should be filed where the child resides, in East Baton Rouge Parish. After the award of custody, the child resided with his legally authorized custodian, Major Jeffers, a domiciliary of Louisiana, and resident of Baton Rouge and Lakeland, Florida. Certainly, at this time, this court cannot rule on the validity of any proceeding in the 21st JDC, not before us on appeal.[1] The issue of whether the tutorship proceeding in the 21st JDC is proper is not before us on the appeal from the November 7, 1994 judgment rendered by the family court.[2] Obviously, at some point, the competing interests of the custodian and a provisional tutor must be resolved. See generally Succession of Wetmore, 422 So.2d 726, 727-28 (La.App. 4th Cir.1982), writ denied, 429 So.2d 133 (La.1983). However, this appeal is not the appropriate vehicle for resolution.
Whether custody is to be awarded in an action for custody or custody is to be conferred by the appointment of a tutor, the overriding concern remains constant: the best interest of the child. See La.C.C. arts. 132, 256, & 263. The trial court made a decision to award temporary custody of the child to the maternal uncle based on the best interest of the child after the traumatic death of both parents. Mr. Booty does not dispute that Allen's father murdered Allen's mother in Tangipahoa Parish, and committed suicide the next day. Mr. Booty does not dispute that the maternal uncle was immediately able to provide a stable, traditional, family environment away from the site of the tragic deaths. The trial court, significantly, retained jurisdiction and provided the procedure for a contradictory hearing on the custody matter in the future. Before the judgment was issued, a hearing with the opposing parties was held on the motion to vacate.
After a thorough review of the record, we affirm the custody award of the trial court. We find no manifest error in the factual determinations by the trial court and cannot say that the trial court abused its discretion in the award of custody, under the circumstances here. We find no basis in this record for a transfer of the custody proceeding to the 21st JDC.
*449 For the foregoing reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to Mr. Ray Booty.
AFFIRMED.
NOTES
[1] The record before us does not contain a record or any pleadings from a tutorship proceeding in the 21st JDC, other than an order staying the tutorship proceeding. The record contains no evidence of when the proceeding was filed or of an order issued by the 21st JDC appointing Mr. Booty the provisional tutor.
[2] We do note that La. C.C.P. art. 4065 requires notice to selected relatives of the minor child of the filing of the petition for tutorship. This court has no evidence before it of what notices, if any, of a 21st JDC tutorship proceeding were sent to the judicially recognized custodian of the child, Major Jeffers, or the maternal grandparents, also domiciled of East Baton Rouge Parish. A lack of notice could invalidate the appointment of the provisional tutor. Mr. Booty cites no similar article requiring the notification of specific relatives of the filing of a petition for custody when both parents are dead, and the child was residing with the maternal grandfather and maternal uncle at the time the petition was filed.