|xTHIBODEAUX, Judge.-
Plaintiff, Mary Hidalgo, filed suit against Casualty Reciprocal Exchange Insurance Company seeking uninsured motorist coverage under a policy purchased by her ex-husband, Michael Hidalgo. The trial court found that Mary was not covered by |2the policy as she and Michael were not residents of the same household at the time of her accident. Ms. Hidalgo appeals that ruling.
We affirm.
I.

ISSUE

The issue presented for review in this appeal is whether the trial judge was legally correct in his interpretation of the phrase “resident of the same household” as it applies to the facts in this case.
II.

FACTS

The facts in this case are not in dispute. On September 27, 1991, Mary Hidalgo was *217 seriously injured when the motorcycle she was riding as a guest passenger collided with a car. At the time of the accident, Ms. Hidalgo’s divorce suit against Michael Hidal-go, filed July 31, 1991, was pending. Further, a temporary restraining order prohibiting Mr. Hidalgo from any contact with Ms. Hidalgo had been issued on August 1, 1991, and was still pending. Mr. Hidalgo was in North Carolina with his future wife when he found out about the accident. On October 8, 1991, Ms. Hidalgo dismissed the divorce action. Over a year later on January 15, 1993, Mr. Hidalgo filed a petition for divorce alleging that he and Ms. Hidalgo had been living separate and apart since March 31, 1991.
After moving out of the family home in Donaldsonville on March 31,1991, Mr. Hidal-go began living with his sister in neighboring Belle Rose, leaving behind most of his personal belongings and tools. Although Mr. Hidalgo did not express or demonstrate any intent to resume a marital relationship with Ms. Hidalgo, he did go to the family home regularly to visit their two children and to help with the Igmaintenance and expenses of the homé. During Ms. Hidalgo’s hospital recovery, Mr. Hidalgo lived with the children in the family home in order -to accommodate the children’s needs and not uproot them from their customary environment.
On August 8,1991, Mr. Hidalgo bought the insurance policy at issue from Casualty Reciprocal Exchange Insurance Company (CRE) through agent Carlinn Poirrier. On the policy application, Mr. Hidalgo did not list other drivers to be covered. Furthermore, he stated that the two cars to be covered by the policy were garaged at the Belle Rose address, not the matrimonial domicile, and listed an address in Donaldson-ville different from the family home address as his residential address. One of the cars, however, was in fact garaged at the matrimonial domicile.
Although Ms. Hidalgo was covered under a policy she individually purchased, she brought an action against CRE claiming that she was covered under the policy Mr. Hidal-go purchased on August 8, 1991. The trial judge found that Ms. Hidalgo and Mr. Hidal-go were not residents of the same household at the time of the accident within the meaning of the insurance policy, thus precluding Ms. Hidalgo from coverage.
III.

LAW AND DISCUSSION

Ms. Hidalgo asserts that the trial judge erroneously concluded that she and Mr. Hi-dalgo were not members of the same household. The primary issue before this court is whether this conclusion was reached by a legally correct interpretation of the phrase “resident of the same household,” as stated in Mr. Hidalgo’s insurance policy. Our supreme court stated in Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993), that “[a]n insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles.” It is well settled in the jurisprudence that the | ¿interpretation of an insurance contract is a legal question. Mike Hooks, Inc. v. JACO Servs., Inc., 95-1485 (La.App. 3 Cir. 5/8/96); 674 So.2d 1125, writ denied, 96-1924 (La.11/1/96); 681 So.2d. 1264. When an appellate court reviews a contract on its face, the review of questions of law is confined to whether the trial court was legally correct or legally incorrect. Weeks v. T.L. James & Co. Inc., 626 So.2d 420 (La.App. 3 Cir.1993), writs denied, 93-2909, 93-2936 (La.1/28/94); 630 So.2d 794. Accordingly, we will analyze the CRE policy in relation to the trial judge’s interpretation and findings in order to determine their legal correctness.
Regarding the coverage provided, the insurance policy at issue states in pertinent part the following:
A. We will pay damages which an “insured” is legally entitled to recover from the owner or operator of an “uninsured motor vehicle” because of “bodily injury:”
1. Sustained by an “insured;” and
2. Caused by an accident.
B. “Insured” as used in this Part means:
1. You or any “family member.”
The policy also provides its own definitions of “you” and “family member.” Under the policy, “you” refers to the person named as *218 insured in the policy and the spouse of the named insured if he or she is a “resident of the same household.” The policy defines “family member” as a person related to the insured by blood, marriage, or adoption who is a “resident of the same household.” The trial judge found that Ms. Hidalgo did not fall under either classification based upon the facts presented at trial, thus denying her any coverage under the CRE policy.
There is no pat formula for interpreting the phrase, “resident of the same household.” Our supreme court emphasized the malleable nature of this phrase’s Igmeaning in Bearden v. Rucker, 437 So.2d 1116 (La.1983). The following language is particularly illustrative:
The phrase “resident of the same household,” as used in insurance policies, has been variously described by the courts of this state as having “no absolute or precise meaning,” and as having “no specific meaning as to place or time when a party would qualify for insurance coverage ... [and], therefore, uncertain and equivocal in phraseology.” The courts of other jurisdictions have found the phrase to be “an ambiguous, elastic, or relative” one.
Id. at 1120 (citations omitted).
With no defined manner of interpretation of the phrase, “resident of the same household,” the facts and circumstances of individual cases become of paramount importance in the inquiry as to whether a particular party is covered under a policy.
The Bearden decision also addresses the question of under what circumstances a spouse is to be considered a “resident of the same household.” Bearden, 437 So.2d 1116. The court opined that the key focal points in the inquiry are membership in a group, intention, and choice. Id. The determination of that membership, intention, and choice is, again, a matter of delving into the facts and circumstances particular to each case.
In Bearden, the Louisiana Supreme Court found that a wife legally separated from her husband and living in a different home was covered under the husband’s family automobile policy. The court noted that when the husband’s policy was renewed, the selling agent was aware of the fact that the wife was not living in the family home but had full access and use of one of the cars listed in the policy. Furthermore, the wife had not secured her own insurance coverage. Most significantly, the court noted that the wife, the spouse who left the family home, wished to reconcile.
In this case, Mr. Hidalgo, the spouse who left the family home and purchased the policy, testified that he told the insurance agent that he did not want Ms. Hidalgo covered under the CRE policy as she was a high risk driver. Another point |eof distinction is that Ms. Hidalgo purchased her own insurance policy. Regarding his marriage, Mr. Hidalgo testified that a reconciliation with Ms. Hidal-go was not a possibility.
This court addressed the issue of residence and insurance coverage in Hobbs v. Fireman’s Fund Am. Ins. Cos., 339 So.2d 28 (La.App. 3 Cir.1976), writs denied, 341 So.2d 896 (La.1977). In that case, it was determined that, although the wife left the matrimonial domicile in Mississippi and established a domicile in Louisiana, she was still considered a resident of her husband’s household and was therefore covered under his policy. The decision articulates that in order to maintain a residence, “a person needs only a place or premises which entitles him to return at his convenience without having to request permission of someone else.” Id. at 35. This court found that the wife had complete freedom to use the house as she pleased and when she pleased.
In this case, Mr. Hidalgo did not have the privilege of going in and out of the matrimonial domicile as did the wife in the Hobbs case. At the time of Ms. Hidalgo’s accident, a restraining order was in effect against Mr. Hidalgo. The restraining order indicated that Mr. Hidalgo was restrained, prohibited, and enjoined from, “[hjarassing, bothering, molesting, annoying or telephoning petitioner and from directly or indirectly disposing of [sic] alienating, pledging, mortgaging, affecting or otherwise encumbering community property.” By virtue of this order, Mr. Hi-dalgo and Ms. Hidalgo could not be residents of the same household as Mr. Hidalgo’s freedoms regarding the family home and the petitioner were severely hindered. There *219 can be no membership in a group if one is not allowed to go near the group members; there can be no freedom to come and go at will under a restraining order.
In his reasons for judgment, the trial judge expressed some concern over inconsistencies in the Bearden decision of the Louisiana Supreme Court and the third ^circuit’s decision in Prudhomme v. Imperial Fire & Casualty Insurance Co., 95-1502 (La.App. 3 Cir. 4/3/96); 671 So.2d 1116; unit granted in part; denied in part, 96-1030 (La.6/7/96); 674 So.2d 987. In Prudhomme, this court held that the brother of the insured did not qualify as a resident of the same household as the insured and therefore denied him coverage. Id. This finding was reached although the brother had been living with the insured for approximately three months prior to the accident and one year following it. Id. This court based its decision on the question of the brother’s intent. Id. Since the brother testified that he did not consider his sister’s house to be his residence and that his stay was temporary, the court found there was no requisite intent to be residents of the same household. Id. The Prudhomme decision, like the Bearden decision, is yet another example of how courts approach the question of residency and insurance coverage on an individual basis, with careful focus on factual and circumstantial distinctions.
In reviewing the record we find that the trial judge reached a correct legal conclusion soundly based on the facts in this case. Mr. Hidalgo left the family home six months pri- or to the accident and during that time did not make any overtures towards a reconciliation with Ms. Hidalgo. Visits to the family home were seemingly made with the children’s best interest in mind, not the rebuilding of a marital relationship with Ms. Hidal-go. In fact, at the time of Ms. Hidalgo’s accident, Mr. Hidalgo was on an out-of-state vacation with the woman he later married. Furthermore, Mr. Hidalgo did not name Ms. Hidalgo as an insured under the policy he procured and testified that he expressly intended that the policy not cover her. These facts coupled with the restraining order in existence at the time of the accident point to the conclusion that Mr. and Ms. Hidalgo were not residents of the same household. Mr. Hidalgo demonstrated his intent to reside with his sister several miles away with no prospect of resuming his residence in the family home.
[gWe find that the trial judge made a correct legal finding. He reviewed the facts of this case to determine whether the parties were residents of the same household. Ascertaining that it was Mr. Hidalgo’s intent and choice to reside outside of the family home with no intent to resume his residence, the trial judge found that Ms. Hidalgo could not be covered. Although not specifically addressed in the trial judge’s reasons for judgment, we point to the relevance of the restraining order issued against Mr. Hidalgo as it prevented him from free movement in and out of the family residence. All facts considered, we agree that Ms. Hidalgo is not covered under Mr. Hidalgo’s CRE policy as the two parties were not residents of the same household at the time of the accident.
IV.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is hereby affirmed.
All costs are assessed against plaintiffs-appellants, Mary C. Hidalgo, et al.
AFFIRMED.