I,BAGNERIS, J.
Continental Insurance Company, appellant, seeks to reverse the trial court’s ruling granting the plaintiffs motion for summary judgment.
On March 15, 1998, Chester T. Alpaugh, III, and his minor son, George R. Alpaugh, were involved in a motor vehicle accident in which the minor child sustained injuries. Katherine T. Alpaugh, the ex-wife of Chester T. Alpaugh and mother of the minor child, filed suit against her ex-husband’s liability insurer, Continental Insurance Company, seeking general and specific damages for the injuries sustained by her son. Continental denied coverage based on an exclusion in its policy for bodily injury to a family member who is a resident of the insured’s household.
Katherine T. Alpaugh and Continental both filed motions for summary judgment. The trial court granted Alpaugh’s motion for summary judgment and found that the insurance policy issued by Continental to Chester T. Alpaugh, III, provided coverage for the injuries to the minor child sustained in the March 15, | ¡>1998 accident. The trial court denied Continental’s motion for summary judgment. This appeal taken by Continental followed.

DISCUSSION

On appeal, Continental contends the trial court erred in granting plaintiffs motion *1247 for summary judgment and finding that “the insurance policy issued by Continental to Mr. Alpaugh provided coverage for injuries the minor child sustained in the March 15, 1998 motor vehicle accident.” Continental argues that the minor child was a dual resident of his father’s and mother’s houses at the time of the accident. We disagree.
Whether a person is a resident of a household is a mixed question of law and fact that is determined on a case-by-case basis. Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981); Prudhomme v. Imperial Fire & Cas. Ins. Co., 95-1502 (La.App.3 Cir. 4/3/96); 671 So.2d 1116, writ granted in pari, denied in pari, 96-1030 (La.1996); 674 So.2d 987; Chapman v. Poirrier, 96-977 (La.App.3 Cir. 2/5/97); 689 So.2d 623, writ denied, 97-1164 (La.1997); 695 So.2d 1358; Gedward v. Sonnier, 97-1068 (La.App.3 Cir. 5/20/98); 713 So.2d 770, writ granted, 98-1688 (La.1998); 726 So.2d 13, aff'd in pari and rev’d in pari, 98-1688 (La.1999), 728 So.2d 1265. Although there is no single manner of interpretation that applies to determining who is in fact a resident of a household for purposes of insurance coverage, our Supreme Court has articulated a formula that focuses inquiry upon the existence of membership in a group, rather than attachment to a building; intent to remain and choice, rather than location, governs. Bearden v. Rucker, 437 So.2d 1116 (La.1983). The facts, circumstances, and [¡¡distinctions of each case are of considerable importance in making this inquiry. Hidalgo v. Boudreaux, 96-1607 (La.App.3 Cir. 4/16/97); 693 So.2d 216.
This case involves a determination of the residency of a minor child of a divorced couple who share joint custody. Insurance coverage turns on whether the minor child is a resident of his father’s home, although his mother is the domiciliary parent. It is an elementary principle that a person may have many residences but only one domicile. Taylor v. State Farm Mut. Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965). In addition, it is also well settled that residency does not have a minimal time requirement. In re Custody of Booty, 95-828 (La.App. 1 Cir. 11/9/95); 665 So.2d 444.
Residence is formally defined as the “[pjlace where one actually lives or has his home; a person’s dwelling place or place of habitation; an abode with no present intention of definite and early removal and with purpose to remain for an undetermined period, not infrequently, but not necessarily combined with design to stay permanently.” Black’s Law Dictionary 1308-9 (6th ed.1991). Moreover, it is important to consider:
Generally, the construction or signification of the term is governed by the connection in which it is used, and depends on the context, the subject matter, and the object, purpose, or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular ease.
Bearden, supra at p. 13; 437 So.2d at 1120, quoting Mathis v. Employers’ Fire Ins. Co., 399 So.2d 273 (Ala.1981).
In Mobley v. State Farm Mut. Auto. Ins. Co., 28,357 (La.App. 2 Cir. 5/8/96); 674 So.2d 1117, unit denied, 96-1402 (La.1996); 679 So.2d 433, the court was faced with the issue of determining who a minor child “lived with” in order to determine whether the insurance policy at issue provided coverage for her. The court stated:
We find that some of the factor’s [sic] that determine whether a child lives with the named insured include, but are not limited to (1) where the child spends his time when not employed or at school; (2) where the child keeps his or her clothing or other personal belongings; (3) where the child receives his or her mail, including official notices and mail from friends; and (4) whether the child has a bedroom in the parent’s house. Of *1248 course these factors are not exclusive, nor is any one factor more determinative than another. Consideration should also be given to the fact that a child may “live with” each separated or divorced parent under a joint custody plan.
Id. at 1121.
The court in Mobley distinguished between making a determination of whether a child “lives with” a parent or “resides” with a parent. It did note the similarities between the two concepts, and held that Bearden, although not controlling, was still persuasive. We, too, find that the terms, “lives with and resides”, in this context, are similarly situated, and believe the factors espoused in Mobley are useful to our determination.
In the instant case, the plaintiff presented to the trial court a copy of the Consent Judgment and an Affidavit attesting to the residency of the minor in support of her motion for summary judgment. The Consent Judgment provided that physical custody of the minor child was with the mother from January 1st of each year through June 30th of each year. The father would have physical custody of the minor child from July 1st of each year to December 31st of each year. | ¡¡Further, the non-domiciliary parent would have visitation rights with the minor child every other Friday and/or Saturday and every Wednesday. Thus, during the first six months of the year the mother would be the domiciliary parent and the father would have visitation rights. The father would be the domiciliary parent during the last six months of the year and the mother would have visitation rights.
The accident occurred on May 15, 1998, during the six-month period that the mother was the domiciliary parent and the father was exercising his visitation rights as provided by the Consent Judgment.
A child’s residence is irrevocably tied to the intention and residency of the parents. See In re Booty, supra. The parents of the minor child shared joint custody; nevertheless, we find the “state of mind” or intention of the parents regarding the minor child’s residence, as well as the findings stated above, to be persuasive. Accordingly, we conclude that the minor child was not a “resident” of Mr. Alpaugh’s household on the date of the accident and, therefore, he is not precluded from receiving medical payments coverage by the policy exclusion.
The trial court correctly granted the Motion for Summary Judgment on behalf of Mrs. Alpaugh. Mrs. Alpaugh did carry her burden of proof that she was entitled to judgment as a matter of law. Further, the trial court correctly found that the minor child was not a resident of his father’s household on the date of the accident and thus not excluded from medical payments coverage.
It is well settled that a determination of the ambiguous term “residence” is a mixed question of law and fact that is to be decided on a case-by-case basis pursuant to a fact-intensive evaluation of the circumstances. Bearden, supra. Consequently, our de novo review of the record leads us to conclude that the minor ]fiwas not a resident of his father’s household on the date of the accident and, therefore, was eligible for medical payments coverage.
Continental contends that the trial court erred in granting plaintiffs motion for summary judgment because the evidence was insufficient for the trial court to determine the residential status of the minor for either parent’s household. Thus, the issue of the minor child’s residence remained a genuine issue of material fact. Continental further argues that the trial court’s ruling granting the summary judgment was premature because the evidence was insufficient for the trial court to determine whether or not Mr. Alpaugh exercised his custodial rights. Thus, as a matter of law summary judgment was inappropriate. We disagree.
After careful review of the record, we find that the Affidavit from Mrs. Alpaugh *1249 and the copy of the Consent Judgment were sufficient evidence for the trial court to determine whether or not Mr. Alpaugh exercised his custodial rights. Therefore, as a matter of law, summary judgment was appropriate.

CONCLUSION

Accordingly, we affirm the judgment of the trial court. The costs of this appeal are assessed to defendant-appellant, Continental Insurance Company.

AFFIRMED.

MURRAY, J., concurs with reasons.