791 So.2d 71 (2001)
Katherine T. ALPAUGH, Tutrix, On Behalf of Her Minor Child, George Reade Alpaugh
v.
The CONTINENTAL INSURANCE COMPANY and Liberty Mutual Insurance Company.
No. 2001-C-0101.
Supreme Court of Louisiana.
June 29, 2001.
Monique M. Garsaud, Scott G. Jones, Hulse & Wanek, New Orleans, Counsel for Applicant.
Warren S. Edelman, Morton H. Katz, Ryan P. Reece, Joseph A. Kott, Herman, Herman, Katz & Cotlar, New Orleans, Thomas L. Gaudry, Jr., Gretna, William K. Christovich, Joseph I. Giarrusso, Jr., Kevin R. Tully, Margaret Diamond, McGlinchey Stafford, New Orleans, Counsel for Respondent.
PER CURIAM.[*]
The issue in this writ concerns whether a minor child of divorced parents with joint *72 custody falls within the exclusion of the father's liability insurance policy's definition of a family member who is a resident of the insured's household.
The case involves a claim for damages by Katherine Alpaugh on behalf of her minor son, George Reade Alpaugh, for injuries sustained in an automobile accident in Mississippi. George Alpaugh is the son of Katherine and Chester T. Alpaugh who were divorced at the time of the accident. George Alpaugh was injured when the vehicle in which he was traveling, driven by Chester Alpaugh, George's father, collided with another vehicle. George and Chester Alpaugh were returning to New Orleans from a Boy Scout camping trip in Mississippi when the accident occurred. Katherine Alpaugh sued Continental Insurance Company ("Continental"), Chester Alpaugh's liability insurance carrier, and Liberty Mutual Insurance Company ("Liberty Mutual"), the insurer of the Boy Scouts of America.
Continental denied coverage of George Alpaugh's damages based on an exclusion in its policy for bodily injury to a family member who is a resident of the insured's household. Katherine Alpaugh and Continental each filed a motion for summary judgment. The trial court denied Continental's motion for summary judgment.[1]
In support of her motion for summary judgment, Katherine Alpaugh offered: her sworn affidavit that George Alpaugh was residing with her on the day of the accident; the petition for divorce by Chester Alpaugh seeking a divorce from her; the consent judgment awarding physical custody to her from January 1 to June 30 each year and to Chester Alpaugh from July 1 to December 31 each year that provided George Alpaugh "shall reside with the parent having physical custody"; and, the Continental insurance policy. The accident occurred on March 15, 1998 during Katherine Alpaugh's six month physical custody period.
The Continental insurance policy excluded losses for "[b]odily injury to you [the insured] or any family member." The policy defines family member as:
Family member means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
For the purposes of this definition, to be considered a resident of your household when evaluation of coverage for a loss, a person must have been actually residing in your household on the date the loss occurred. However, your (a) son (b) daughter (c) ward or (d) foster child; in the United States Military or away at school will be considered a resident of your household unless he or she has demonstrated an intent to reside elsewhere permanently.
The parties do not dispute that George Alpaugh was with his father returning from a Boy Scout camping trip in Mississippi at the time of the accident and that Chester and Katherine Alpaugh maintained the custody agreement that provided Katherine Alpaugh has physical custody of George Alpaugh during the six months in which the accident occurred.
*73 The trial court granted Katherine Alpaugh's motion for summary judgment. The trial court found that "the insurance policy issued by Continental to Mr. Alpaugh provided coverage for the injuries to the minor child sustained in the March 15, 1998 accident." Continental appealed the trial court's judgment to the Fourth Circuit.[2] The court of appeal affirmed, basing its decision on "the intention of the parents regarding the minor child's residence..." and the consent judgment. Alpaugh v. Continental Ins. Co., 00-228, p. 5 (La.App. 4th Cir.12/13/00), 776 So.2d 1245, 1248. We granted writs to further address this issue. See Alpaugh v. Continental Ins. Co., 01-0101 (La.3/23/01), 787 So.2d 1004.
Continental argues that George Alpaugh's damages are excluded from coverage because the residency of a child is tied to his parent and George Alpaugh was with his father at the time of the accident. Continental asserts that the fact George and Chester Alpaugh were on a Boy Scout camping trip does not affect the residency status of George Alpaugh because a household extends beyond the four literal walls of Chester Alpaugh's physical home in New Orleans. Conversely, Katherine Alpaugh argues that according to the definition of residency in the Continental insurance policy, George Alpaugh was not residing with Chester Alpaugh because they were on a camping trip and not "actually residing" in Chester Alpaugh's household. Further, Katherine Alpaugh argues that the consent judgment provided that Katherine Alpaugh had physical custody of George Alpaugh at the time of the accident and the provision in the consent judgment that the child resided with the parent who had physical custody should control.
Although both parties make good arguments regarding George Alpaugh's residency status, we pretermit a discussion on George Alpaugh's residency status and reverse the judgments of the lower courts. We find insufficient evidence to resolve the genuine issue of material fact of George Alpaugh's residency.
We granted writs in this case to further discuss the residency issue presented as it may be contrary to our recent cases on this subject, specifically the cases of Gedward v. Sonnier, 98-1688 (La.3/2/99), 728 So.2d 1265 and Carbon v. Allstate Insurance Co., 97-3085 (La.10/20/98), 719 So.2d 437. However, after reviewing this case more closely and in attempting to address the Continental insurance policy's specific definition of a family member "actually residing in your household on the date the loss occurred," we find the record evidence insufficient to resolve this genuine issue of material fact. The undisputed fact that the father and son were returning from a Boy Scout camping trip in Mississippi, in and of itself, does not resolve the child's residency issue one way or the other under the policy's definition. The policy does not *74 define the child's residence other than "actually residing in your household...." Although the consent judgment provides insight into the intent of the parents with regard to George Alpaugh's residence, the facts supporting the physical aspect of where George Alpaugh resided are insufficient to determine whether George Alpaugh "actually resided" with his father under the terms of the Continental insurance policy.
After hearing oral arguments and reviewing the record, it is apparent to us that the parties did not complete adequate discovery before filing motions for summary judgment which has led to insufficient evidence on both sides of the issue of George Alpaugh's residency status. This is exemplified by Continental's attempt to introduce facts that were discovered after the motions for summary judgement.[3] We cannot review the mixed issue of law and fact regarding George Alpaugh's residency status with the insufficient evidence before us.

DECREE
For the foregoing reasons, the judgments of the trial court and the court of appeal are reversed and set aside. This matter is remanded to the district court for further proceedings.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.

Judge Felicia Toney Williams of the Second Circuit Court of Appeal, assigned as Justice Pro Tempore, sitting for Associate Justice Bernette J. Johnson.
[1] In its motion for summary judgment, Continental argued that the policy excluded claims for bodily injury by a family member and that such exclusions are valid under Louisiana law because the exclusions do not violate Louisiana public policy. See LA. REV. STATS. ANN. §§ 32:861, 32:900 & 22:655. Although the issue of whether family member exclusions violate public policy was raised in Continental's motion for summary judgment, in Katherine Alpaugh's reply brief before this Court and in oral argument, it was not raised in Katherine Alpaugh's motion for summary judgment, in the appellate court's opinion, or in Continental's writ application or brief and is not properly before us.
[2] Liberty Mutual filed a brief with this Court in which it raised the issue of whether Continental properly appealed the district court's partial judgment on insurance coverage to the Fourth Circuit pursuant to the provision of LA.CODE CIV. PROC. ANN. art. 1915(B) that requires either a designation as a final judgment or an agreement by the parties that the partial judgment is immediately appealable. We note that under the law in effect at the time the trial court issued its judgment on August 2, 1999, the partial judgment at issue in this case was a partial final judgment under LA.CODE CIV. PROC. ANN. art 1915(A)(3) because summary judgment was rendered pursuant to LA.CODE CIV. PROC. ANN. art. 966(E). See 1999 La. Acts 1963. Partial final judgments under LA.CODE CIV. PROC. ANN. art 1915(A) are immediately appealable in the absence of a designation by the trial court. Additionally, this Court and the court of appeal may review cases under our supervisory jurisdiction. See LA. CONST. art. V, §§ 5(A) & 10.
[3] Counsel for Continental filed a motion to supplement the record with depositions given by Katherine and Chester Alpaugh. Before we denied its motion to supplement, Continental filed its brief and attached the depositions. Katherine Alpaugh and Liberty Mutual filed motions to strike the depositions and argument contained in Continental's brief which we granted.