LABORDE, Judge.
Plaintiffs appeal a summary judgment granted grandparents’ automobile insurer on grounds that the named defendant in this proceeding, the insureds’ grandson, was not a resident of the grandparents’ household at the time of the accident in which plaintiffs were injured. We affirm.
FACTS
Plaintiffs filed suit against Gregory K. Whittington and Allstate Insurance Company *238 alleging they were injured on February 25, 1991, while riding as guest passengers in Whittington’s 1991 Chevrolet pick-up truck. On the date the twenty-four year old lost control of his vehicle near Lebeau, St. Landry Parish, Allstate provided liability coverage to Whittington’s grandparents, Nellie and James Gay. The sole issue presented is whether Whittington was a “resident” of his grandparents’ household and therefore an “insured” under the terms of the Allstate policy issued to them. The pertinent language of the policy reads as follows:
Insured Persons
******
(2) While using a non-owned auto:
(a) you,
(b) any resident relative using a four wheel private passenger auto or utility auto.
* * * * * *
Definitions
* * * * * *
(3) “Resident” — means the physical presence in your household with the intention to continue living there. Unmarried dependent children while temporarily away from home will be considered residents, if they intend to continue to live in your household.
* * * * * *
(5) “You” or “Your” — means the policyholder named on the declarations page and that policyholder’s resident spouse.
Reviewing the pleadings, affidavits, and Whittington’s deposition, the trial court sustained Allstate’s Motion for Summary Judgment, noting that Whittington lived with his mother until he was seventeen, then lived a number of places before returning to the Jena area in February 1990, where he lived with his mother (not his grandmother) for one month before again becoming mobile. Based on these facts, the court concluded that there was no genuine issue of material fact: Gregory Whittington was not a resident of the household of Nellie Gay. Finding Allstate entitled to judgment as a matter of law, the trial court dismissed plaintiffs’ demands against the insurer.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 714 (5th Cir.1985); McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); Wright, Miller & Kane, Federal Practice and Procedure, § 2716, at 125 (Supp.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp., supra; see also United States v. Diebold, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Thombrough v. Columbus and Greenville R. Co., 760 F.2d 633, 640 (5th Cir.1985). The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); Thombrough, supra; Wright, Miller & Kane, supra.
Schroeder v. Board of Sup’rs, 591 So.2d 342, 345 (La.1991). If the pleadings, depositions, answers to interrogatories, and admissions on file, if any, are sufficient to resolve all material fact issues in favor of the mover, the burden shifts to the opposing party, who may no longer rest on the allegations and denials contained in his pleadings to present evidence showing that material facts are still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980).
*239 In this proceeding, Allstate filed motions for summary judgment based on Whitting-ton’s nonresidence with his grandparents, its insured. The motions were filed with supporting affidavits from Whittington’s grandmother and Whittington’s deposition. The grandmother’s affidavit states that Greg Whittington had never been physically present in her home with the intention of living there; to the contrary, the grandmother avers that the young man had only appeared occasionally in her home, and then for purely social reasons. This testimony was corroborated by Greg Whittington, who during a telephone deposition stated that during his brief visits to his home town he stayed with family members including his mother, brother, and grandparents (each of whom shared the same Jena post office box with Greg Whittington and other members of the family), and friends, but had no permanent address in the vicinity of Jena he could call his own.
Even viewed harshly, these items shifted the burden to plaintiffs to present evidence that Greg Whittington resided with his grandparents at the time of the accident. It was incumbent upon plaintiffs at this point to show that some genuine issue of material fact survived the evidence adduced; they could not merely rest on the naked assertions of their petitions. Toward this end, each plaintiff introduced identical affidavits containing the following language concerning Whitting-ton’s residency:
That he personally knew Gregory K. Whittington for several years prior to February 25, 1991, and that he was a personal friend of said Gregory K. Whittington as of that date.
That he personally knows that prior to February 25,1991, and on said date, Gregory K. Whittington resided at the home of James and Nellie Gay when said Gregory K. Whittington was not on the road working. On many occasions prior to February 25, 1991, and around said date, affiant personally visited the home of James and Nellie Gay and witnessed that Gregory K. Whittington was living there, sleeping in a bedroom there, had his clothes in a closet in the bedroom, and had a chest of drawers in the bedroom where he kept his socks, underwear, etc. Also, affiant personally knows that Nellie Gay washed the clothes of Gregory K. Whittington during the time referred to hereinabove. Also, affiant states that on several occasions he visited Gregory K. Whittington at the home of James and Nellie Gay and was invited to eat with them during the time referred to hereinabove. Affiant further states that he personally knows that Gregory K. Whit-tington had most of his meals at the home of James and Nellie Gay during the time referred to hereinabove.
He has personal knowledge that prior to and on February 25, 1991, Gregory K. Whittington considered the home of James and Nellie Gay as his home base and residence.
No other evidence was introduced by plaintiffs as to the question of Whittington’s residence.
From the summary judgments rendered Allstate in these consolidated suits, plaintiffs appeal, claiming the trial court erred in finding no genuine issues of material fact on the question of Greg Whittington’s residence.
Our review of all the evidence leads us to the same conclusion as that reached by the trial court. The trial court concluded Greg Whittington was not an insured under the terms of the insurance contract Allstate issued to Whittington’s grandparents because he was not a resident of their household and the accident did not involve their vehicle. The untraversed affidavit of Allstate Operations Manager Ann Beard claims that no insurance policy was written by Allstate to cover either Whittington or his truck, and that his grandparents’ policy was written to cover their 1989 Oldsmobile Cutlass only. Plaintiffs cannot show a disputed fact exists as to the meaning of Allstate’s contract, for it is unambiguous as to who is covered. See Carter v. BRMAP, 591 So.2d 1184, 1188 (La.App. 1st Cir.1991) and cites therein contained. The disputed insurance policy only covers accidents involving relatives physically present in the grandparents’ home who intended to continue living there.
Therefore, plaintiffs would have us reverse the summary judgment granted by the trial *240 court on the grounds that there remains some question as to Whittington’s residence with his grandparents on the date of the accident. In order to succeed in the face of Allstate’s initial showing, plaintiffs could no longer rest on the allegations contained in their pleadings to show some question remained as to whether Greg Whittington resided with his grandparents when the accident occurred. Sehroeder, supra.
Even indulgently treating the affidavits filed by plaintiffs, we are unable to find grounds upon which reversal might be warranted. Plaintiffs’ affidavits state that they visited Greg Whittington at the residence of his grandparents, that Greg slept and ate at his grandparents’ home on occasion, but do not address the most important question of Greg Whittington’s residence, that his grandparents’ house was his permanent home.
The controlling test of whether persons are residents of the same household at a particular time, within the meaning of the policy in question is not solely whether they are then residing together under one roof. The real test is whether the absence of the party of interest from the household of the alleged insured is intended to be permanent or only temporary — i.e., whether there is physical absence coupled with an intent not to return.
Bearden v. Rucker, 437 So.2d 1116, 1121 (La.1983).
Summary judgment is appropriate where the party opposing it does little more than make eonclusory statements that questions of fact exist when more is required to rebut the evidence supporting the motion. Simoneaux v. E.I. du Pont de Nemours, 483 So.2d 908, 913 (La.1986) (party opposing motion for summary judgment failed to set forth evidence demonstrating some genuine issue for trial exists). For this reason, although summary judgments are seldom appropriate for determinations based on subjective facts, Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Johnson v. Hitchens, 518 So.2d 1154 (La.App. 4th Cir.1987), they will not be defeated where the only rebuttal evidence offered addresses issues that are immaterial to the case at hand. Mashburn v. Collin, 355 So.2d 879, 890-891 (La.1977).
Such is the case here. On several occasions during his deposition, Mr. Whittington stated he had no permanent address, an inescapable conclusion since he was on the road ninety percent of the time and his personal belongings were not kept at his grandparents’ house, but in his ear. For almost the entire two years leading to the February 1991 accident, the young man, on call twenty-four hours, traversed much of the country and lived briefly in a San Diego Hotel, occasionally in the homes of his friends and relatives, but principally in hotels. He was the quintessential drifter. The only address the itinerant worker deemed permanent was the post office box shared by his extended family. He did not consider himself as having any permanent street address.
His only connection to his hometown were his infrequent visits there. When asked how he would decide whose home to sleep in during his brief visits to the Jena area of his family, his reply was, “I didn’t really decide. It was just wherever I landed.” Mr. Whit-tington expressly considered such stays to be no more than visits. He candidly stated he did not intend to live at any of his friends’ or family’s addresses, including his grandparents’, on a long-term basis.
The affidavits filed in opposition by plaintiffs do not effectively controvert the evidence filed by Allstate in support of its motion for summary judgment on the only question with which this controversy is concerned. Plaintiffs affidavits filed in opposition are prefaced by the statement that “Gregory K. Whittington resided at the home of James and Nellie Gray when said Gregory K. Whittington was not on the road working”-, this statement, taken as true, does not challenge any of the assertions by Whitting-ton and others that he stayed at a variety of addresses, considered none to be his residence, seldom stayed at his grandparents’ home, and did not consider it to be his residence. The other claims contained in plaintiffs’ affidavits that are based on the affiants’ personal observations, limited to observations during Whittington’s brief visits, do not touch the far greater, only relevant, question of Whittington’s permanent residence. The blanket statements that each personally *241 knew Whittington considered the home of his grandparents to be his residence are not only farcical, but legally inconsequential concluso-ry statements, no more. There is no public policy requiring liability to be imposed upon a grandmother for her grandson’s acts on grounds only that she and others feed and shelter him or handle his laundry on infrequent visits to their home.
While it is true that Mr. Whittington used his grandparents’ telephone number for those needing to contact him for jobs or in eases of emergency, he forthrightly stated that he only used the telephone number because he could rely on his grandmother to pass his messages along to him. These isolated favors by his grandmother are not sufficient in and of themselves to turn her home into his residence. Although Greg Whitting-ton also used the same post office box used by his grandparents, the same post office box was shared by his entire extended family, including not only his grandparents, but his mother and his brother.
As a matter of law, plaintiffs did not show that Greg Whittington resided at his grand-. parents’ house. Greg’s voluntary decision to leave the Jena area with virtually all of his possessions was permanent. See Bearden, supra. His relationship to the community (consisting solely of occasional visits, a bank account and an occasional doctor’s visit) was too tenuous, cf. Bond v. Commercial Union Assur. Co., 407 So.2d 401, 407 (La.1981) (on rehearing), for a question of material fact to exist as to his permanent residence. Intermittent visits of short duration to the home of grandparents under no legal obligation of support do not a residence make. Ladner v. Andrews, 216 So.2d 365, 367 (La.App. 3d Cir.1968).
There being no genuine issue of material fact as to Gregory K. Whittington’s residence with his grandparents, the judgment of the lower court is affirmed, plaintiff to bear all costs.
AFFIRMED.