689 So.2d 623 (1997)
Everett CHAPMAN, Plaintiff-Appellant,
v.
Franny L. POIRRIER, et al., Defendants-Appellees.
No. 96-977.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
Rehearing Denied April 8, 1997.
*624 Joseph F. Garr, Jr., for Everett Chapman.
L. Albert Forrest, New Iberia, for Franny L. Poirrier, et al.
Michael Gerard Lemoine, Lafayette, for Anthony G. Broussard, et al.
Jay Christopher Zainey, Metairie, for La. Health Care Authority.
Wendell Verret, New Iberia, for University Medical Center.
Richard Joseph Petre, Jr., Lafayette, for Allstate Insurance Company.
Before SAUNDERS, PETERS and AMY, JJ.
AMY, Judge.
This appeal arises from the trial court's determination that the Defendant, Franny L. Poirrier, did not qualify as an insured under her parents' automobile liability insurance policies issued by State Farm Mutual Automobile Insurance Company. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
In the early morning hours on May 6, 1994, Plaintiff, Everett Chapman, was seriously injured when the vehicle in which he was a guest passenger was struck broadside by a pickup truck. This accident occurred at the intersection of U.S. Highway 90 (eastbound) at J.K. Darnell Road (Iberia Parish Road 211). Defendant, Franny Poirrier, was alleged to be the driver of the vehicle in which Chapman was a passenger.[1] Chapman is seeking damages from Poirrier and her parents, and alleges insurance coverage under liability automobile insurance policies issued through State Farm.[2] A dispute arose concerning whether Poirrier was an insured under the policies taken out in her parents' name since Poirrier was not physically residing in her parents' home at the time of the accident. The parties elected to bifurcate the issue of automobile insurance coverage of Poirrier from that of liability and damages.
A hearing was held on the issue of insurance coverage on November 21, 1995. On January 2, 1996, the trial judge rendered a judgment finding that Poirrier was not a qualified insured under the policies issued by State Farm to her parents.
Chapman appeals from that judgment and asserts that the trial court erred in finding Poirrier was not an insured or "relative" under the automobile liability insurance policy issued by State Farm to her parents, and that (1) she was not "living with" her parents at the time of the accident; or, alternatively, (2) she was not considered an unmarried and unemancipated child away at school at the time of the accident.

LAW
Chapman contends that the trial court erred in not finding Poirrier to be an insured or "relative" under the terms of her parents' policies. In support of his contention, Chapman argues that Poirrier is a "relative" of the insured as contemplated by the insurance policy, in that Poirrier is a blood relative of the insured who "lives with" the insured; or, alternatively, is "an unmarried and unemancipated child away at school."
The pertinent language of the policy reads as follows:
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ... DEFINED WORDS ...
* * * * * *

Relativemeans a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school.[3]

*625 SECTION I LIABILITYCOVERAGE A
* * * * * *
Coverage for the Use of Other Cars
The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.

Who Is an Insured
When we refer to your car, a newly acquired car or a temporary substitute car, insured means:
1. you;

2. your spouse;

3. the relative of the first person named in the declarations[.]
* * * * * *
When we refer to a non-owned car, insured means:
1. the first person named in declarations;
2. his or her spouse;

3. their relatives [.]
(Emphasis in original).
Therefore, in order for Poirrier to be covered under her parents' automobile liability insurance, the plain language of the State Farm insurance policy sets forth two prerequisites. First, Poirrier, who is not the named insured or spouse, must be related by blood, marriage or adoption. Second, Poirrier must "live with" the named insured. It is undisputed that Poirrier is the insured's biological daughter thereby the first prerequisite is met. The only question to be answered is, whether Poirrier is deemed to "live with" her parents for purposes of insurance coverage.
The jurisprudence interpreting similar provisions found in insurance policies is rather consistent. The Louisiana Supreme Court, in Bearden v. Rucker, 437 So.2d 1116, 1121 (La.1983) stated that:
The controlling test of whether persons are residents of the same household at a particular time, within the meaning of the policy in question is not solely whether they are then residing together under one roof. The real test is whether the absence of the party of interest from the household of the alleged insured is intended to be permanent or only temporaryi.e., whether there is physical absence coupled with an intent not to return.... [T]he residence in question "emphasizes membership in a group rather than an attachment to a building"; and that it is "a matter of intention and choice" rather than one of location. Under proper facts, it has been held that separations from the common roof by college students, by members of the military services, and by spouses (albeit with divorce actions pending) did not, per se, destroy their household membership with their families and spouses. (Citations omitted).
See also Barker v. Whittington, 628 So.2d 237 (La.App. 3 Cir.1993); Miley v. Louisiana Farm Bureau Casualty Insurance Company, 599 So.2d 791 (La.App. 1 Cir.), writ denied, 604 So.2d 1313 (La.1992); Andrade v. Shiers, 516 So.2d 1192 (La.App. 2 Cir.1987); reversed in part on other grounds, 564 So.2d 787 (La.App. 2 Cir.1990).
Whether a person is a member of a household (i.e., member of a residence) is a question of law as well as fact that is determined on a case by case analysis. Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981); Andrade, 516 So.2d 1192. This determination must be based on the evidence as a whole, not on isolated facts that support a particular conclusion. Bond, 407 So.2d 401. And, a trier of fact's determination is entitled to great weight, and will not be disturbed if a reasonable factual basis exists to support the lower court's judgment. Id.
The undisputed testimony presented at the hearing to decide insurance coverage provides that, prior to the accident on May 6, 1994, Poirrier, a nineteen-year old high school student, had not lived in the family home since mid-February. On the contrary, at several junctions, Poirrier was given the choice to remain in the family home or to leave. At all such times, Poirrier undeniably expressed her intention and desire to leave the family home. Poirrier testified that, at *626 the time she left her family's home in February 1994, she intended to never return. Also, the uncontradicted testimony provided that, during the time between her leaving and the accident, Poirrier did not receive outside financial support from her family, nor communicate with them; except on only one night during this period when she did sleep at her parents' home.
Defendant's father, Charles, testified that, when she left the family home in February 1994, Poirrier took all of her belongings with the exception of a waterbed. Defendant's mother, Mary, testified that, after her daughter left home in February 1994, she had hoped that her daughter would return. As discussed previously, Poirrier did not share in her sentiments. However, both Poirrier and her parents testified that Poirrier's presence in the home while recuperating from the injuries she sustained in the accident was always meant to be temporary.
Plaintiff's attorney questioned the various witnesses at great length regarding what occurred after the accident. However, we conclude that this testimony is of less relevance than the time period before the accident to determine if, at the time of the accident, Poirrier lived with her parents. Also, a great deal of time and effort was expended to show that Poirrier lived in a multitude of locations between February and May of 1994. After considering it carefully, we conclude that this testimony supports the view that Poirrier's intention was not to return to her parents' residence.
The trial court, in finding that Poirrier was not a qualified insured or "relative" under the policies in question, concluded that she "was an adult living away from her parents[`] home with the intention to live permanently apart from her family." In support of this conclusion, the trial court pointed to the following key facts. First, Poirrier moved out of her parents' home and lived with friends since mid-February 1994 until the date of the accident on May 6, 1994. Second, Poirrier chose to leave the family home rather than following the rules and standards as established by her parents. Lastly, Poirrier, being nineteen years old at the time of the accident, was not an unemancipated child but instead a major. Accordingly, the trial judge as the trier of fact, determined that Poirrier was not an insured under the State Farm insurance policy.
Reviewing the record in its entirety, we find a reasonable evidentiary basis to support the trial court's decision that Poirrier was not an insured under her parents' automobile liability insurance policy. Therefore, the plaintiff's contentions are without merit.

DECREE
The trial court's judgment is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Everett Chapman.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, Judge, dissenting.
The policy covered Franny Poirrier if she was an unmarried, unemancipated child away from home at school at the time of the accident. At the time of the accident, Franny was a high school student, living away from home, who was neither married nor emancipated.
The trial court held that because Franny was a "major," she was no longer a child. This is wrong. "Child" and "parent" are terms which describe a relationship. "Major" and "minor" are terms which describe age. Parents have minor children who grow to be major children. A person does not cease to be the child of his parents when he reaches the age of majority. Clearly, Franny was a child of her parents, was away from home and was a student. Under the language of the policy, her negligence is covered.
Not only does the clear language of the policy mandate coverage, the very "raison d'etre" of the policy also dictates coverage. The policy is intended to cover the family unit. We remain members of our parents' "family unit" until we marry and begin our own family, leave home to work at which time we begin a separate "economic unit," or are emancipated. Franny Poirrier has done *627 none of these things. Why would she not be covered?
Finally, I recall an old sayingHome is where, when you have to go there, they have to take you in. Franny's home was still with her parents. When she had to go there [after she was injured in the accident and had no place else to go] they had to take her inand they did.
I respectfully dissent.
NOTES
[1] It appears from Appellees' brief that the issue of whether Poirrier was the driver of the automobile owned by Michael Norwood on May 6, 1994 is a contested issue to be decided at a trial on the issues of liability and damages.
[2] Poirrier had an individual automobile liability policy taken out in her own name which provided 10/20 coverage. Applicability of this policy is uncontested. At the center of this dispute is whether Poirrier was covered as an insured "relative" under several policies issued in her parents' name.
[3] We note that in Strickland v. State Farm Insurance Companies, 607 So.2d 769 (La.App. 1 Cir. 1992), the first circuit held that the exact definition of "relative" used in the insurance policy in question was not ambiguous and should be given its generally prevailing meaning.