934 So.2d 726 (2006)
Michael HAYDEL, Individually and on Behalf of Jeremy Haydel
v.
STATE FARM INSURANCE CO., Evanston Insurance Co., the Sanctuary Homeowners Association, Inc. and ABC Insurance Co.
No. 2005 CA 0701.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
*727 Robert B. Evans, III, William B. Gordon, III, Cesar R. Burgos, Kathleen C. Gasparian, New Orleans, Counsel for Plaintiff/Appellant Michael Haydel, Individually and on behalf of Jeremy Haydel.
Craig R. Nelson, New Orleans, Counsel for Defendant/Appellee Evanston Insurance Company.
Adrianne L. Baumgartner, Kathleen Simon, Covington, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
David I. Bordelon, Matthew J. Ungarino, Albert D. Giraud, Metairie, Counsel for Defendant/Appellee The Sanctuary Homeowners Association, Inc.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
McCLENDON, J.
This is an appeal of a summary judgment rendered in favor of an insurer based on a finding that an insured's son was not living in his household and, therefore, was not an insured under the terms of the policy. For the reasons that follow, we reverse.

FACTUAL AND PROCEDURAL HISTORY
On January 31, 2003, fifteen-year-old Jeremy Haydel was a passenger in a vehicle driven by his friend, James Gilmore. *728 Gilmore lost control of the vehicle causing it to slide into a concrete culvert. Tragically, Jeremy died as a result of the injuries he sustained in the accident. Jeremy's parents, who were not married to one another, eventually settled with Gilmore's insurer. Jeremy's father, Michael Haydel (Dr. Haydel), then sought recovery under his own uninsured/underinsured motorist policy issued by State Farm Mutual Automobile Insurance Company (State Farm), and under his umbrella policy issued by Evanston Insurance Company (Evanston).
In August 2003, Dr. Haydel filed suit against several defendants, including Evanston, alleging that it had refused to honor his claim made under the umbrella policy. Evanston subsequently filed a motion for summary judgment asserting that no coverage existed under the policy. Among the arguments posited in support of its contention, Evanston maintained that Jeremy was not living in Dr. Haydel's household at the time of the accident as required by the policy provisions. In conjunction with its motion for summary judgment, Evanston submitted the deposition testimony of Jeremy's mother, Jeanne Rovira, the consent judgment entered into by Dr. Haydel and Ms. Rovira in 1987, and copies of Ms. Rovira's 1988 federal income tax return and 1989 state income tax return to establish that Jeremy was living with his mother and not Dr. Haydel.
In opposing the motion for summary judgment, Dr. Haydel submitted his deposition testimony wherein he maintained that Jeremy resided with him. Concluding that Jeremy was not a resident of his father's household, the trial court granted summary judgment in favor of Evanston dismissing Dr. Haydel's claims against it. From this judgment, Dr. Haydel appeals.

APPLICABLE LAW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Duplantis v. Dillard's Dept. Store, XXXX-XXXX, p. 5 (La.App. 1 Cir. 5/9/03), 849 So.2d 675, 679, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 350. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). An issue is "genuine" if reasonable persons could disagree. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable substantive theory of recovery. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Id.
An insurance policy is a contract between the parties and should be construed using the general rules of contractual interpretation. The extent of coverage provided by a policy is determined by the parties' intent, as reflected by the words of the policy. La. C.C. art.2045; La. C.C. art.2046; Frost v. David, 95-0839, p. 4 (La.App. 1 Cir. 5/10/96), 673 So.2d 340, 343. Words and phrases used in an insurance policy must be given their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art.2047; Edwards v. Daugherty, 2003-2103, 2003-2104, p. 11 (La.10/1/04), 883 So.2d 932, 940-41. *729 Insurance policies should be construed to effect, not deny, coverage. Yount v. Maisano, 627 So.2d 148, 151 (La.1993). However, an insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Edwards, 2003-2103 at p. 11, 883 So.2d at 941.
The umbrella policy at issue herein defines the term "relative" as "a person related to you by blood, marriage or adoption who lives your [sic] household and anyone else in your or a relatives [sic] care living in your household." Thus, in order for coverage to exist, there must be a finding that Jeremy was living in Dr. Haydel's household. On appeal, Dr. Haydel argues that the trial court erred in concluding that Jeremy was not a resident-relative of his household and submits that, at the very least, a question of fact exists as to the amount of time Jeremy lived at his home. Given the foregoing precepts, we are compelled to agree that genuine issues of material fact do exist regarding whether Jeremy lived in his father's household at the time the accident occurred.
In Strickland v. State Farm Insurance Companies, 607 So.2d 769, 772 (La.App. 1 Cir.1992), this court addressed an insurance policy's definition of "relative," which included the similar phrase "who lives with you." Therein we recognized that, generally, a relative for purposes of insurance coverage, is defined as a resident of the same household as the named insured. However, we concluded that, as a matter of law, the phrase "who lives with you" was not ambiguous and should be given its generally prevailing meaning. Id. The question of whether a relative lives with an insured is a question of fact to be determined on a case-by-case basis according to the facts and circumstances of each particular case. Mobley v. State Farm Mutual Automobile Insurance Co., 28,357, p. 8 (La.App. 2 Cir. 5/8/96), 674 So.2d 1117, 1121, writ denied, 96-1402 (La.9/20/96), 679 So.2d 433. Some of the factors that determine whether a child lives with the named insured include, but are not limited to: (1) where the child spends his time when not employed or at school; (2) where the child keeps his or her clothing or other personal belongings; (3) where the child receives his or her mail, including official notices and mail from friends; and (4) whether the child has a bedroom in the parent's house. These factors are not exclusive, nor is any one factor more determinative than another. Consideration should also be given to the fact that a child may live with each separated or divorced parent under a joint custody plan. Mobley, 28,357 at p. 9, 674 So.2d at 1121. Moreover, while not controlling, cases interpreting policy provisions using the terms "resides" and "resident" can be instructive for determining whether an individual "lives" with an insured. See Mobley, 28,357 at pp. 8-9, 674 So.2d at 1121; see also Lafleur v. Dugas, 97-958, pp. 5-6 (La.App. 3 Cir. 5/6/98), 714 So.2d 792, 794-95, writ denied, 98-1518, (La.9/18/98), 724 So.2d 767; Chapman v. Poirrer, 96-977, p. 4 (La.App. 3 Cir. 2/5/97), 689 So.2d 623, 625, writ denied; 97-1164 (La.6/20/97), 695 So.2d 1358.
In the present case, Evanston failed to establish that no genuine issue of material fact existed as to whether Jeremy was living in his father's household. Although disputed by Ms. Rovira, Dr. Haydel testified in his deposition that when Jeremy and his brother were younger, they spent every other weekend with him. He further stated that when they got older and had their own transportation, they were at his house more often. In response to an opposing counsel's question, Dr. Haydel *730 testified regarding Jeremy's presence in his household at the time of the accident, as follows:
[Jeremy and his brother] came and went out of my house frequently at any given time, came over and they could spend the night. You know, they had transportation. They came and shared as much time with dad as they did with mom. Okay. Now, we didn't have it documented with the court.
However, Ms. Rovira testified that Jeremy spent a much smaller percentage of time with Dr. Haydel. Moreover, while Ms. Rovira stated that the boys had to have permission prior to going to their father's home, Dr. Haydel maintained that the boys knew that they could come over "at any time" even if he was out of town. While there is evidence that Jeremy used his mother's address as his home address and that she claimed both boys on her income taxes, other evidence indicates that Jeremy and his brother had a room at their father's home where they spent the night, that they often came over for dinner during the week, and that Dr. Haydel purchased clothes for the boys that were primarily kept at his home. Indeed, Ms. Rovira testified that in the year before his death, Jeremy spent time with his father on a "regular basis." Moreover, while the consent judgment between the parties granted Ms. Rovira custody of Jeremy "subject to ... the visitation rights in favor of" Dr. Haydel, we note that both Dr. Haydel and Ms. Rovira testified that they often departed from its provisions. Even so, the consent judgment alone would not be dispositive in this matter. The actual facts supporting the physical aspect of where Jeremy lived are necessary to make a determination regarding whether coverage exists under the policy herein. See Alpaugh v. Continential Insurance Co., XXXX-XXXX, pp. 4-5 (La.6/29/01), 791 So.2d 71, 73-74 (per curiam). Because there is a genuine issue regarding these material facts in the present case, we find the summary judgment was improperly granted.

DECREE
For the foregoing reasons, the summary judgment rendered by the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion. Evanston Insurance Company is cast with all costs of this appeal.
REVERSED AND REMANDED.