950 So.2d 817 (2006)
Steve HUDSON
v.
PROGRESSIVE SECURITY INSURANCE COMPANY, Joyce Hanson and Allied Property and Casualty Insurance Company.
No. 2005 CA 2648.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Roy Maughan, Baton Rouge, Counsel for Plaintiff/Appellant Steve Hudson.
Collin J. LeBlanc, Stephen M. Whitlow, Baton Rouge, Counsel for Defendants/Appellees Progressive Security Insurance Company and Joyce Hansen.
Nahum D. Laventhal, Metairie, Counsel for Defendant/Appellee Allied Property and Casualty Insurance Company.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
*819 GUIDRY, J.
This appeal is taken from a summary judgment dismissing plaintiff's tort claims on the grounds that defendants were immune from this suit under the Workers' Compensation Act. For the reasons assigned, we reverse the district court judgment.

FACTS AND PROCEDURAL HISTORY
Steve Hudson and Joyce Hansen were colleagues working together at Internet Business Solutions (IBS). On July 1, 2002, they were traveling to the IBS office in Baton Rouge from a trip they had taken to Mississippi. Ms. Hansen drove Mr. Hudson's car, while he rode as a passenger. He was injured when Ms. Hansen drove into the back of a preceding vehicle.
Mr. Hudson subsequently filed a damage suit naming as defendants: Ms. Hansen; Progressive Security Insurance Company (Progressive), the insurer of Mr. Hudson's vehicle; and Allied Property and Casualty Insurance Company (Allied), Ms. Hansen's insurer. Thereafter, the defendants each filed a motion for summary judgment claiming they were immune from this tort suit because Mr. Hudson and Ms. Hansen were co-employees of IBS and were engaged in the course and scope of their employment at the time of the accident. Thus, defendants argued Mr. Hudson's sole remedy was workers' compensation. Following a hearing, the district court rendered summary judgment dismissing plaintiff's claims against all defendants. Mr. Hudson now appeals, alleging as his sole assignment of error that the district court committed reversible error in finding he and Ms. Hansen were co-employees in the course and scope of their employment at the time of the accident.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. An issue is "genuine" if reasonable persons could disagree. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable substantive theory of recovery. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion for summary judgment and in favor of a trial on the merits. Haydel v. State Farm Insurance Company, XXXX-XXXX, p. 4 (La.App. 1st Cir.3/24/06), 934 So.2d 726, 728.

DISCUSSION[1]
On appeal, Mr. Hudson admits that he performed services for IBS, but *820 argues on appeal that he did so as an independent contractor, rather than as an employee. He further asserts that the trip he and Ms. Hansen made to Mississippi was not for purposes of conducting business for IBS.
An employee is entitled to workers' compensation benefits when he is injured in an accident arising out of and in the course of his employment. La. R.S. 23:1031 A. Moreover, the rights and remedies granted under the Workers' Compensation Act are exclusive of all other rights, remedies and claims for damages, except for liability resulting from an intentional act. La. R.S. 23:1032 A(1)(a). The exclusive remedy defense is available not only to the employer, but to co-employees and insurers as well. Haywood v. Dugal, 2000-334, 2000-335, p. 4 (La.App. 5th Cir.10/31/00), 772 So.2d 240, 242, writs denied, XXXX-XXXX, XXXX-XXXX (La.2/2/01), 784 So.2d 4; Hill v. West American Insurance Company, 93-915, 93-932 (La.App. 3rd Cir.3/2/94), 635 So.2d 1165, 1169, writ denied, 94-1630 (La.9/30/94), 642 So.2d 881.
Thus, a determination of whether Mr. Hudson is limited to workers' compensation and is precluded from pursuing a tort claim against Ms. Hansen and the insurers is dependent on whether he and Ms. Hansen were co-employees acting in the course and scope of their employment at the time of the accident. The provisions of La. R.S. 23:1044 are relevant to a consideration of the status of Mr. Hudson and Ms. Hansen with respect to IBS. This statute provides that:
A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter.
Every executive officer elected or appointed and empowered in accordance with the charter and by-laws of a corporation . . . shall be an employee of such corporation under this Chapter. (Emphasis added.)
Accordingly, since both parties indicated Ms. Hansen performed services for IBS, she is presumed to be an employee of that business. The record does not reflect that there was any evidence properly before the district court that rebutted this presumption. As to Mr. Hudson, despite his assertion that he was an independent contractor, rather than an employee of IBS, it is undisputed that he was the president of IBS. Therefore, under the mandatory language of La. R.S. 23:1044, he must be considered an employee of that business for workers' compensation purposes.
In arguing he is not an employee of IBS, Mr. Hudson cites jurisprudence holding that the presumption of employee status provided by La. R.S. 23:1044 for one performing services for a business is a rebuttable presumption. This argument lacks merit, because we did not rely on this presumption in concluding Mr. Hudson was an IBS employee. Rather, our conclusion is based on that portion of the statute providing that an executive officer *821 of a corporation shall be considered an employee thereof for workers' compensation purposes.
Our conclusion that Mr. Hudson must be considered an IBS employee does not end our inquiry, because an injured employee is free to seek tort recovery from a co-employee who caused the injury, when that co-employee was not engaged in the normal course and scope of his employment at the time of the injury. La. R.S. 23:1032 C(1); Smith v. Berteau, 98-1438, p. 4, (La.App. 1st Cir.6/25/99), 739 So.2d 269, 272. In fact, Mr. Hudson argues he and Ms. Hansen were not in the course and scope of any employment for IBS when the accident occurred.
Mr. Hudson was injured as he and Ms. Hansen were driving from Mississippi to the IBS office in Baton Rouge. Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment. McLin v. Industrial Specialty Contractors, Inc., XXXX-XXXX, p. 4 (La.7/2/03), 851 So.2d 1135, 1140. However, an accident is considered as having occurred in the course of employment for purpose of the workers' compensation statute if the accident occurred while the employee was on a specific mission for his employer, such as making a trip in the interest of the employer's business or while traveling from one work site to another. See Brown v. Coastal Construction & Engineering, Inc., 96-2705, p. 3 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10. In determining whether an accident arose out of the employment, it is necessary to consider: (1) whether the employee was engaged about his employer's business; and (2) whether the conditions of the obligations of the employment caused the employee to be at the place of the accident at the time the accident occurred. McLin, XXXX-XXXX at p. 9, 851 So.2d at 1142.
After reviewing the record de novo, we conclude the evidence establishes the existence of a genuine issue of material fact in this case. The district court was presented with conflicting testimony regarding the purpose of the trip to Mississippi. Ms. Hansen stated in her deposition that the trip was a business trip to seek new business for IBS. Mr. Hudson indicated in his deposition that the purpose of the trip was to look at some business opportunities regarding computer and satellite work. However, he specifically denied that this work was conducted on behalf of IBS. Thus, there was a direct conflict in the testimony as to whether the business trip was made on IBS' behalf. This fact is material because, if the trip was not made in furtherance of IBS' business, Mr. Hudson and Ms. Hansen clearly were not within the course and scope of their employment for IBS at the time of the accident.
In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Haydel, XXXX-XXXX at p. 4, 934 So.2d at 728. Accordingly, the district court erred in granting summary judgment dismissing plaintiff's claims when a genuine issue of material fact exists as to whether the accident occurred within the course and scope of Mr. Hudson and Ms. Hansen's employment.

CONCLUSION
For the above reasons, the summary judgment granted by the district court is reversed, and this matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be shared equally by defendants.
REVERSED AND REMANDED.
NOTES
[1] In conducting our de novo review herein, we have not given weight to the affidavit executed by Mr. Hudson shortly before the hearing on the defendants' motions for summary judgment. In the affidavit, Mr. Hudson asserted the purpose of the trip to Mississippi was purely personal, and that he and Ms. Hansen made no business calls during the trip. These assertions conflicted with his earlier deposition testimony that he and Ms. Hansen went to Mississippi to look at business opportunities, and stopped to talk to several business owners. An inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered. See Douglas v. Hillhaven Rest Home, Inc., 97-0596, p. 6 (La.App. 1st Cir.4/8/98), 709 So.2d 1079, 1083, writ denied, 98-1793 (La.10/30/98), 727 So.2d 1161; LeBlanc v. Dynamic Offshore Contractors, Inc., 626 So.2d 16, 18 n. 3 (La.App. 1st Cir.1993).

We also have not considered the supplement to the record consisting of the errata/amendment sheet to Ms. Hansen's deposition, which was added to the record pursuant to an August 11, 2006 order of the district court. The record does not reflect that the sheet actually was filed into evidence or even placed in the district court record prior to rendition of the summary judgment on appeal before us.