906 So.2d 468 (2005)
Evonne L. Machen, Wife of/and Richard A. MACHEN, Jr., and on behalf of their minor daughter, Madeline Machen
v.
Kristy L. BIVENS, National Automotive Insurance Company, Allstate Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 2004 CA 0396.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
*470 Tom W. Thornhill, Slidell, Counsel for Plaintiffs/Appellants Evonne J. Machen and Richard A. Machen, Jr.
John M. Crosby, Metairie, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
Christopher Lawler, Brandi F. Ermon, Metairie, Counsel for Defendant/Appellee Allstate Insurance Company.
Leon A. Crist, Kenner, Counsel for Defendant/Appellee BB Mini Storage.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
This is a civil action seeking recovery of damages for personal injury. The plaintiffs-appellants, Evonne L. Machen and Richard A. Machen, Jr., appeal an adverse partial summary judgment, dismissing their claims against the defendant-appellee, State Farm Mutual Automobile Insurance Company, under one of two insurance policies it issued. For the following reasons, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
This action arose from a motor vehicle accident which occurred on November 15, 1998, in Slidell, Louisiana. The plaintiff, Evonne L. Machen, was driving her automobile when it was involved in a collision with another automobile driven by the defendant, Kristy Bivens Heckman, but owned by a friend, Carissa Trapani. Plaintiffs sued Ms. Heckman, as well as National Automotive Insurance Company (Ms. Trapani's automobile liability insurer), State Farm Mutual Automobile Insurance Company (State Farm), and Allstate Insurance Company, her own underinsured motorists coverage insurer.
It is undisputed that Ms. Heckman was married and not living with her mother at the time of the accident. State Farm had issued two separate policies of automobile liability insurance to Ms. Heckman's mother, Veronica Bivens, in which two different insured vehicles, a Chevrolet S-10 truck and a Honda Civic automobile, were described. State Farm conceded that one of these policies, Policy No. L16 9921-C22-18A (the Chevrolet S-10 policy), provided coverage to Ms. Heckman for her use of the nonowned vehicle. However, it denied that coverage was provided under the other policy, Policy No. L04 8697-B31-18 (the Honda Civic policy), on the grounds that Ms. Heckman was not an insured under that policy.
State Farm moved for partial summary judgment on the issue of insurance coverage under the Honda Civic policy. Its motion was heard on March 25, 2003. The trial court issued its written reasons for judgment on March 28, 2003, expressing its ruling in favor of State Farm and directing the preparation of a formal judgment to be signed. The trial court's judgment was signed on May 23, 2003. From that judgment, plaintiffs appeal, assigning as error the trial court's rendition of summary judgment despite policy ambiguity, based upon the alleged incomplete nature of State Farm's policy in the record and the ambiguous language of the policy definition at issue.

JURISDICTION
The partial summary judgment at issue does not dismiss State Farm from *471 this litigation, but rather determines only the particular issue of the applicability of one policy of insurance to plaintiffs' claims, as authorized by La. C.C.P. art. 966(E). Thus, under La. C.C.P. art. 1915(B), the judgment is not final for purposes of appeal unless the trial court certifies it as final after determining there is no just reason for delay in appellate review. The trial court's judgment sets forth the requisite certification, but its reasons for concluding there is no just reason for delay were not stated. Accordingly, we are required to conduct a de novo review of the propriety of certification. Motorola v. Associated Indemnity Corporation, 02-1351, p. 16 (La.App. 1st Cir.10/22/03), 867 So.2d 723, 732. Based upon our consideration of the relevant factors for such review, we find that the trial court's certification was indeed appropriate. We therefore have jurisdiction of this appeal.

SUMMARY JUDGMENT
The judgment from which this appeal is taken is a partial summary judgment, and therefore subject to de novo review as to whether summary judgment was appropriate. Motorola v. Associated Indemnity Corporation, 02-0716, p. 5 (La.App. 1st Cir.6/25/04), 878 So.2d 824, 828, writs denied, 04-2314, 04-2323, 04-2326, 04-2327 (La.11/19/04), 888 So.2d 207, 211, 212. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The summary judgment procedure is expressly favored in the law, and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La. C.C.P. art. 966(A). Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Madden v. Bourgeois, 95-2354, p. 3 (La.App. 1st Cir.6/28/96), 676 So.2d 790, 792. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Gaylord Chemical Corporation v. ProPump, Inc., 98-2367, pp. 3-4 (La.App. 1st Cir.2/18/00), 753 So.2d 349, 352.

DISCUSSION
In support of its motion for partial summary judgment, State Farm filed and served a copy of the Honda Civic policy, certified by the affidavit of its state underwriting and operations supervisor. Plaintiffs put forth no competent evidence in support of their contention that the copy of the policy at issue is incomplete. For example, one exhibit submitted in opposition to State Farm's motion was a series of unverified letters from plaintiffs' counsel to State Farm's counsel, demanding all policy "information" on both policies issued to Veronica Bivens and setting forth his conclusions as to the ambiguity of the policy at issue. Leaving aside the issue of whether the correspondence is properly authenticated for purposes of summary judgment, it is clearly incompetent and insufficient to establish a genuine issue of material fact as to the completeness of the policy. Much of plaintiffs' argument on this point seems to center on an alleged missing "list of permitted drivers" or "certificate of insured drivers," but plaintiffs offer no competent evidence establishing a genuine issue of material fact as to the supposed existence of those documents, *472 which State Farm contends simply do not exist.[1]
State Farm's motion for partial summary judgment was filed on February 7, 2003. By order signed on February 11, 2003, the trial court assigned the motion for hearing on March 25, 2003. On March 20, 2003, plaintiffs filed their memorandum in opposition to State Farm's motion. They argued that the policy was incomplete because of State Farm's failure to provide an "affidavit" of coverage on the Honda Civic policy, although it agreed to provide such an "affidavit" verifying Ms. Heckman's insured status under the Chevrolet S-10 policy. Despite the alleged incompleteness of the policy, plaintiffs did not seek to avail themselves of the benefit of La. C.C.P. arts. 966(B) and 967(C) by requesting additional time or a continuance within which to obtain the production of the supposed missing documents.[2] This assignment of error has no merit.
The trial court granted partial summary judgment, finding that no coverage was provided to Ms. Heckman under the applicable provisions of the Honda Civic policy, including the definition of "insured" under the liability coverage and the definition of "relative." The liability coverage of the policy provides that State Farm will "pay damages which an insured becomes legally liable to pay because of... bodily injury to others." As the automobile being driven by Ms. Heckman was a non-owned automobile, the following definition of "insured" applies:
When we refer to a non-owned car, insured means:
1. the first person named in the declarations;
2. his or her spouse;

3. their relatives; and
4. any person or organization which does not own or hire the car but is liable for its use by one of the above persons.
As Ms. Heckman was neither the named insured nor the spouse of the named insured, in order to qualify as an insured under the policy she must be a "relative" as defined in the policy. The policy defines a "relative" as "a person related to you [the named insured] or your spouse [the husband or wife "living with" the named insured] by blood, marriage or adoption who lives with you." The interpretation of this definition is the crux of this appeal.
Plaintiffs contend that because "or" is a disjunctive conjunction, all of the definition's language after "or" relates only to the named insured's spouse, thereby limiting the requirement of relatives living with the insured to only the spouse's relatives. Thus, plaintiffs suggest that the definition can reasonably be interpreted to define as an insured (1) any person related to the named insured (presumably in any way *473 and to any degree, and regardless of residence); and (2) any person related to the named insured's spouse by blood, marriage or adoption, but only if living with the named insured.
Plaintiffs cite a number of cases in support of their contention that their suggested reading of the definition renders it ambiguous, thereby requiring acceptance of their interpretation in favor of coverage. The cited cases, however, stand only for the proposition that "or" is generally used as a disjunctive conjunction to express alternatives. See, e.g., Blackburn v. National Union Fire Insurance Company, 00-2668, pp. 7-8 (La.4/3/01), 784 So.2d 637, 642; Prestenback v. Prudential Insurance Company of America, 257 So.2d 698, 699 (La.App. 4th Cir.1972); and Watts v. Aetna Casualty and Surety Company, 574 So.2d 364, 370 (La.App. 1st Cir.), writ denied, 568 So.2d 1089 (La.1990). None of the cases so cited, however, address the policy provision at issue.
Plaintiffs further cite La. R.S. 1:9 and La. C.C.P. art. 5056 in support of their suggested interpretation. These statutes provide that unless the context clearly indicates otherwise, the word "or" indicates the disjunctive. While it is beyond question that "or" is a disjunctive conjunction, these statutes have no real bearing on the interpretation of this insurance contract, since they are properly applicable only to the interpretation of the revised statutes and the Code of Civil Procedure. And even if they provide general guidance as to legal usage of "or," the preliminary caveats of both statutes provide that it is the context of the usage that ultimately controls the meaning. Viewed in its proper context, the phrase "who lives with you" obviously refers to the "person" seeking insured status, who must be related to either the named insured or the named insured's spouse. It is noteworthy that the policy definition of "spouse" for purposes of insured status likewise requires that the spouse live with the named insured. The plain intent behind this definition of "relative" is to extend coverage for the operation of a non-owned vehicle only to relatives living together in a common family unit or household. This is the only conclusion that can be reached from a simple, logical, and common-sense reading of the definition.[3]
We are supported in this conclusion by this court's previous decision of Strickland v. State Farm Insurance Companies, 607 So.2d 769, 772 (La.App. 1st Cir.1992), and by the decisions in Mobley v. State Farm Mutual Insurance Company, 28,357, p. 8 (La.App. 2nd Cir.), 674 So.2d 1117, 1121, writ denied, 96-1402 (La.9/20/96), 679 So.2d 433, and Chapman v. Poirrier, 96-977, pp. 2-3 (La.App. 3rd Cir.2/5/97), 689 So.2d 623, 624-25, writ denied, 97-1164 (La.6/20/97), 695 So.2d 1358. See also 8 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3rd § 114:12 (2003). All *474 three of the cases cited above involved interpretation of the identical State Farm policy definition of "relative." All held that the phrase "who lives with you" expressed the intent to limit coverage to relatives living with the named insured, contrary to plaintiffs' suggested interpretation here. The third case, however, specifically interpreted the policy language in the same manner in which we have here:
[I]n order for [the defendant driver] to be covered under her parents' automobile liability insurance, the plain language of the State Farm policy sets forth two prerequisites. First, [the defendant driver], who is not the named insured or spouse, must be related by blood, marriage or adoption. Second, [the defendant driver] must "live with" the named insured.
Chapman, id.
Accordingly, we disagree with plaintiffs' contention that the policy definition of "relative" is ambiguous. Not only is plaintiffs' suggested interpretation contrary to the prevailing interpretation of the definition in this state and throughout the country, it would lead to absurd results. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Magnon v. Collins, 98-2822, p. 7 (La.7/7/99), 739 So.2d 191, 196. Likewise, a court should not strain to find ambiguity in a policy where none exists. Gaylord Chemical Corporation, 98-2367 at p. 4, 753 So.2d at 352. The trial court properly rendered partial summary judgment.

DECREE
The judgment of the trial court, decreeing that the claims of the plaintiffs-appellants, Evonne L. Machen and Richard A. Machen, Jr., are not covered under policy number L04 8697-B31-18 issued by the defendant-appellee, State Farm Mutual Automobile Insurance Company, is affirmed. All costs of this appeal are assessed to the plaintiffs-appellants.
AFFIRMED.
McCLENDON, J., concurs.
GUIDRY, J., concurs in the result.
NOTES
[1] The policy at issue is complete on its face, and we can find no deficiency in the content of the declarations page or insuring agreement. All relevant endorsements are attached to the policy. We can only assume that plaintiffs' argument may refer to a policy application or similar underwriting document listing frequent operators of the described vehicle for purposes of risk assessment and premium calculation, rather than a document forming an actual part of the policy, but we will not indulge in further speculation on this point. Such a document, if it exists, cannot serve to change the policy's definitions of its insureds. Nor can the fact that Ms. Heckman is conceded to be an insured in the other, separate State Farm policy affect the provisions of the policy at issue.
[2] Plaintiffs filed a motion to compel supplementation of State Farm's discovery responses on May 23, 2003, seven weeks after the issuance of the trial court's written reasons.
[3] Plaintiffs' argument on this point is imaginative, but it is plainly wrong from a grammatical standpoint. The phrase, "who lives with you," is an adjective clause modifying the noun "person." The adjective "related" likewise modifies the noun "person." As used, the disjunctive conjunction "or" simply serves to make "you" and "your spouse" alternate (disjunctive) objects of the prepositional phrase "to you or your spouse," which in turn modifies the adjective "related." The parallel prepositional phrase "by blood, marriage or adoption" likewise modifies the adjective "related," not the term, "your spouse." (It is self-evident that one spouse is not usually related to another by blood and certainly not by adoption.) In short, "or" is not a bright line of demarcation barring those clauses appearing after it from modifying the previous words in the definition. Thus, from both common-sense and strictly grammatical viewpoints, plaintiffs' suggested interpretation has no merit.