915 So.2d 866 (2005)
Troy GIBBENS and Mary Gibbens Individually and on Behalf of Their Minor Child, Madison Gibbens
v.
Rhodes WHITESIDE, R W Construction, Inc. and State Farm Mutual Automobile Insurance Company
No. 2004 CA 1222.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*867 Bryan D. Fisher, Robert C. Rimes, Baton Rouge, for Plaintiffs/Appellees Troy Gibbens, et al.
Elizabeth B. Powell, Richard S. Thomas, Baton Rouge, for Defendant/Appellant State Farm Mutual Automobile Insurance Company.
Before: PARRO, KUHN, and WELCH, JJ.
*868 WELCH, J.
This appeal contests a trial court's determination that automobile liability policies insuring two personal vehicles extended coverage to the insured's use of a company truck. The company truck was involved in an accident, insured under a separate policy of insurance, and had been operated by the insured for nearly ten months prior to the accident. We reverse and render judgment in favor of the insurer.

BACKGROUND
Most of the central facts forming the basis of this appeal have been stipulated by the parties and are thus undisputed. On May 11, 1999, Rhodes Whiteside was driving a 1999 Ford F-250 truck owned by his company, R W Construction, Inc., when he was involved in an accident causing injury to his guest passenger, Troy Gibbens. Troy Gibbens and his wife filed this lawsuit on April 6, 2000, against Mr. Whiteside, R W Construction, Inc. and State Farm Mutual Automobile Insurance Company. State Farm issued a policy of liability insurance on the Ford truck which was in effect at the time of the accident. R W Construction, Inc. was the named insured under that policy.
Troy Gibbens settled his claim with State Farm under the R W Construction, Inc. policy insuring the Ford truck. Plaintiffs sought to recover under two State Farm policies in effect on the date of the accident that provided coverage on two automobiles personally owned by Mr. Whiteside. The policies, insuring a 1997 Pontiac and a 1990 Lincoln, listed Rhodes Whiteside as the named insured.
In his deposition, Mr. Whiteside acknowledged that he purchased the Ford truck in July of 1998 for use in his residential construction business, which had no employees. He attested that from the date he purchased the truck until the May 11, 1999 accident, a period of approximately 10 months, he had exclusive possession of the truck, which was used solely by him for business and personal purposes. He also stated that he purchased the Lincoln for his father's use, while the Pontiac was primarily operated by his wife, Lisa.
On the basis of Mr. Whiteside's deposition testimony, State Farm filed a motion for summary judgment, seeking to have the court declare that the two policies did not provide coverage for Mr. Whiteside's operation of the Ford truck. The trial court denied the motion, finding that there was a genuine issue of material fact on the coverage issue. The case went to trial on the sole issue of whether the State Farm policies issued on Mr. Whiteside's personal vehicles provided coverage for the company truck as a "non-owned" vehicle.
Thereafter, the trial court ruled that the individual automobile policies provided coverage for the operation of the Ford truck as a "non-owned" vehicle. State Farm's motion for a new trial was denied, and this appeal, taken by State Farm, followed.

JURISDICTION
The trial court's coverage ruling is a partial judgment that determines only the applicability of the insurance policy to plaintiffs' claims. This appeal was maintained after the record was supplemented with an order by the trial court designating the judgment as final and appealable under La. C.C.P. art. 1915. The court did not state its reasons for concluding there was no just reason for the delay. Accordingly, we are required to conduct a de novo review of the propriety of the certification. Motorola, Inc. v. Associated Indemnity Corporation, XXXX-XXXX, p. 16 (La.App. 1st Cir.10/22/03), 867 So.2d 723, 732. After *869 consideration of the relevant factors for such review in the context of the coverage dispute, we find that the trial court's certification was indeed appropriate, and we therefore have jurisdiction over this appeal. See Machen v. Bivens, XXXX-XXXX, p. 3 (La.App. 1st Cir.2/11/05), 906 So.2d 468, 471 (wherein this court found, after conducting a de novo review, that a partial summary judgment on the issue of insurance coverage was an appealable judgment).

INSURANCE COVERAGE
The only issue in this appeal is whether the two State Farm policies providing insurance coverage on vehicles owned personally by Mr. Whiteside extended coverage to a truck operated by Mr. Whiteside that was owned by his corporation, used exclusively by him for approximately ten months before the accident, and insured under a separate policy of insurance. The State Farm policies insuring Mr. Whiteside's personal vehicles extend liability coverage to the use, by an insured, of a "non-owned" car. The policies define the term "non-owned" car to mean a car that is not owned, registered or leased by the insured or his spouse, a relative under certain conditions, persons living in the same household as the insured, and employees of the insured. Because Mr. Whiteside is insured under both policies on his personal vehicles, and the Ford truck for which coverage is sought is not owned by him, but by a corporation, the truck falls under the basic definition of a "non-owned" vehicle in the policies.
In denying coverage, State Farm relied on a provision in both policies removing from the definition of a "non-owned" car those vehicles operated by an insured for a period of 21 or 42 days. That provision states:

Non-owned car does not include a car which has been operated or rented by or in the possession of an insured during any part of each of the last 21 or more consecutive days. If the insured is an insured under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.
Relying on Mr. Whiteside's deposition that he had continual and exclusive possession of the Ford truck for nearly 300 days prior to the accident, far longer than the 21/42 day time periods set forth in the "non-owned" car exclusion, State Farm urged at trial that the Ford truck could not qualify as a "non-owned" vehicle for which coverage was available. The trial court disagreed, finding the exclusionary provision to be ambiguous and subject to more than one reasonable interpretation because of the absence of a means by which to determine when the time periods provided for in the exclusion were triggered. The court believed it was reasonable to interpret the policy provision such that "the last 21 or more consecutive days" began to run from the date of the issuance of the policy, as opposed to 21 consecutive days preceding the accident for which coverage is sought. If the first interpretation were adopted, the trial court observed, the exclusionary language would not apply since the Ford truck was not purchased until after the issuance date of the individual automobile policies. The court stressed that any doubt or ambiguity as to the meaning of the exclusionary provision had to be construed in favor of the insured, and ruled that the individual policies provided coverage for Mr. Whiteside's use of the Ford truck.
The determination of whether a policy is ambiguous is a question of law. Cadwallader v. Allstate Ins. Co., XXXX-XXXX, p. 4 (La.6/27/03), 848 So.2d 577, 580. *870 In interpreting insurance contracts, the role of the judiciary is to ascertain the common intent of the parties. Cadwallader, XXXX-XXXX at p. 3, 848 So.2d at 580. To aid our determination of whether the "non-owned" vehicle exclusionary provision in the State Farm policies is so ambiguous that coverage must be afforded for the insured's use of a company vehicle for nearly 300 days prior to the accident, we are guided by the principles of contract interpretation set forth in Cadwallader:
Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent.
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. That strict construction principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable.
(Citations omitted)
Cadwallader, XXXX-XXXX at pp. 3-4, 848 So.2d at p. 580.
Plaintiffs argue that the "non-owned" exclusion is ambiguous because it does not specify when the 21-day period begins or ends, and thus, it is not possible for an insured to know when he is covered while using a "non-owned" vehicle. They posit that there are four reasonable interpretations of the exclusionary language for determining when the 21-day period begins to run: (1) the inception date of the individual policies; (2) the purchase date of the covered vehicles; (3) 21 days prior to the purchase date of the vehicles; or (4) 21 days prior to the policy inception date. Since the exclusion is subject to numerous interpretations, plaintiffs posit, the exclusion must be construed in favor of coverage. They point out that the State Farm agent issuing the policies knew of the existence of all three vehicles, and could have specifically excluded the vehicles from coverage under each of the other policies by listing them as excluded on the other policies.
State Farm contends, however, that the exclusionary provision is not ambiguous because under the clear language of the provision, the only issue is whether Mr. Whiteside operated the Ford truck for 42 consecutive days. It acknowledges that the exclusionary language does not set forth any time specification for when the 21/42 days need to have occurred, submitting that the only triggering factor is that they indeed did occur. State Farm argues that because Mr. Whiteside had uninterrupted, continual, and exclusive use and possession of the Ford truck for his business and personal use for over 42 days, under the plain language of the exclusionary provision, the truck cannot qualify as a "non-owned" vehicle for the purpose of insurance coverage.
*871 We agree that the absence of a definitive means by which to calculate time periods provided for in the exclusionary clause may, under certain circumstances, render that provision ambiguous. However, under the facts of this case, the rule of strict construction does not apply because there is no reasonable interpretation of the policy that would afford coverage. The trial court believed that the individual policies could be interpreted to provide coverage simply because the "non-owned" vehicle was purchased more than 21/42 days after the inception dates of the policies. However, that is not a reasonable construction of the policy because the "non-owned" exclusion would be effectively written out of the policy after 21 or 42 days had elapsed from the purchase date of the polices.
Furthermore, the obvious intent of the "non-owned" vehicle exclusion is to deny coverage for the insured's continual use of another vehicle not listed on the policy. State Farm and its insured could not have intended or reasonably expected coverage of the individual policies to extend to the insured's continual use of a company vehicle for nearly 300 days before the accident, for which a separate policy of insurance was purchased. For these reasons, we find the trial court erred in interpreting the policies to provide coverage for plaintiffs' claims.

CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. Judgment is rendered in favor of State Farm Mutual Automobile Insurance Company dismissing plaintiffs' claims. All costs of this appeal are assessed to plaintiffs/appellees.
REVERSED AND RENDERED.
KUHN, J., concurs with reasons.
KUHN, J., concurring.
While I agree with the conclusions reached by the majority in this case, I do not believe this is an appealable judgment. Rather, the case should have been decided by exercising our supervisory jurisdiction. Accordingly, I concur.