McCLENDON, J.,
concurs in part, dissents in part, and assigns reasons.
_JjThe policy in question is a Commercial General Liability Policy. Clearly, the purpose of this type of policy is to cover damages incurred by third parties to whom a named insured or their spouse may be liable, as opposed to damages incurred by a named insured. However, there is no statutory or jurisprudential bar that prevents an injured party, solely because he or she is also an insured, from recovering under a liability policy based upon the fault of another insured. See William Shelby McKenzie & H. Alston Johnson, III, Insurance Law and Prac *355 tice, 15 La. Civ. Law Treatise § 182, p. 493 (3d ed.2006).
Under the specific language of the Colony policy at issue, an argument may be made that although Mr. Muller was not an insured in his capacity as a volunteer worker, he was an insured under the language of said policy as Mrs. Muller’s spouse. While I believe the Colony policy was not intended to provide coverage in this instance, especially given the general nature of a CGL policy, I am unable .to find the majority’s interpretation in favor of coverage in this instance so strained as to be unreasonable. See Gibbens v. Whiteside, 04-1222, p. 6 (La.App. 1 Cir. 5/6/05), 915 So.2d 866, 870, writ denied, 05-1525 (La.12/16/05), 917 So.2d 1116 (citing Cadwallader v. Allstate Ins. Co., 02-1637, p. 4 (La.6/27/03), 848 So.2d 577, 580).[1] Further, given that ambiguous policy |2provisions must be construed against the insurer and in favor of coverage, I am constrained to conclude that the Colony policy provided coverage under these limited circumstances. Id.
However, I dissent to the extent that the majority awards additional damages. Although Dr. Peterson testified that 70 percent of patients who have a trigger finger injection will experience a recurrence of the problem, the trial court could reasonably have found that Mrs. Muller’s chance of recurrence was significantly reduced given the passage of time from the date of injury to the date of trial.[2] Moreover, with regard to general damages, vast discretion is accorded the trier of fact in fixing such awards. LSA-C.C. art. 2324.1; Hollenbeck v. Oceaneering Int., Inc., 96-0377, p. 12 (La.App. 1 Cir. 11/8/96), 685 So.2d 163, 172. This vast discretion is such that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). In-reviewing the general damage award, I am unable to conclude that the trier of fact abused its vast discretion in assessing the amount of general damages and would affirm the trial court’s award. See Bellard v. American Cent. Ins. Co., 07-1335, pp. 29-30 (La.4/18/08), 980 So.2d 654, 674.

. Significantly, the volunteer worker exception was not included under the "EXCLUSIONS" section of the policy, but rather that portion of the policy defining "WHO IS AN INSURED."

. The trial court noted that three years had passed between the date of the accident and the date of trial.