GUIDRY, J.
Defendant, Federated Rural Electric Insurance Exchange (Federated), appeals from a trial court judgment granting summary judgment in favor of plaintiffs, Iris Nell Spinks Jourdan, Robin Rene Jourdan Smith, and Misty Michelle Jourdan Appe, ruling that the uninsured motorist coverage of the All Risk Blanket Policy issued by Federated provides uninsured motorist coverage to the plaintiffs. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On March 8, 2016, Lawrence "Cotton" Jourdan was a member of the Board of Directors of Washington St. Tammany Electric Co-Operative, Inc. (Co-Op). Following a board meeting at the Co-Op's office in Franklinton, Louisiana, the board members met for dinner at Fair City Café. Jourdan had ridden to the board meeting with another board member, Dennis Glass, so he rode with Glass to the café. Glass parked his vehicle in a parking lot across the street from the café. While walking across the street from the parking lot to the café, Jourdan was struck by a vehicle driven by Karen Spears. Jourdan sustained serious injuries as a result of the *629 accident, and he later died as a result of his injuries.
Thereafter, on December 8, 2016, plaintiffs, Jourdan's surviving spouse and adult children, filed a petition for damages, naming Spears, her insurer, Allmerica Financial Benefit Insurance Company, and Federated, the insurer of the Co-Op, as defendants. Particularly, with regard to Federated, plaintiffs alleged that Federated had issued an All Risk Blanket Policy (All Risk policy) to the Co-Op, which named Directors of the Co-Op as insureds under the policy. As such, plaintiffs asserted that the All Risk policy included uninsured/underinsured motorist (UM) benefits, which provide coverage to Jourdan and the plaintiffs because Jourdan was in the course and scope of his duties and responsibilities as a member of the Board of Directors of the Co-Op at the time of the accident.
On June 2, 2017, plaintiffs filed a motion for summary judgment, seeking a declaration from the trial court that the Federated policy provides UM coverage to the plaintiffs for the accident at issue. Federated also filed a motion for summary judgment as to coverage, seeking dismissal of plaintiffs' claims against it because there is no coverage afforded to Jourdan and/or the plaintiffs for the accident in question under the All Risk policy issued to the Co-Op.
Following a hearing on the parties' motions, the trial court signed a judgment denying Federated's motion for summary judgment and granting plaintiffs' motion, ordering that the UM coverage of the All Risk policy issued by Federated to the Co-Op provides coverage to the plaintiffs. The trial court designated the judgment as final in accordance with La. C.C.P. art. 968. Federated now appeals from the trial court's judgment.
DISCUSSION
Jurisdiction
The trial court's judgment, granting summary judgment in favor of the plaintiffs on the issue of UM coverage, is a partial judgment. See La. C.C.P. art. 966(E). A partial summary judgment rendered pursuant to Article 966(E) may be immediately appealed during ongoing litigation only if it has been properly designated as a final judgment by the trial court. La. C.C.P. art. 1915(B). Article 1915(B) authorizes the appeal of a partial summary judgment as to "one or more but less than all of the claims, demands, issues, or theories" presented where the judgment is designated as a final judgment by the trial court after a determination that there is no just reason for delay.
In the instant case, the trial court designated the judgment as a final judgment, but it did not designate that there was no just reason for delay. Accordingly, we are required to conduct a de novo review of the propriety of the trial court's designation. See Motorola v. Associated Indemnity Corporation, 02-1351, p. 16 (La. App. 1st Cir. 10/22/03), 867 So.2d 723, 732 ; see also Parker v. Zurich American Insurance Company, 16-0442, p. 12 (La. App. 1st Cir. 12/22/16), --- So.2d ---- (unpublished opinion). After consideration of the relevant factors for such review in the context of the coverage dispute, we find that the trial court's designation was indeed appropriate, and we therefore have jurisdiction over this appeal. See Machen v. Bivens, 04-0396, p. 3 (La. App. 1st Cir. 2/11/05), 906 So.2d 468, 471.
Standard of Review
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination *630 of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La. App. 1st Cir. 12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La. 6/15/07), 958 So.2d 1199. A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
When the issue before the court on the motion for summary judgment is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing there is no genuine issue of material fact remains with the party bringing the motion. Green v. Johnson, 16-1525, p. 4 (La. App. 1st Cir. 1/10/18), 241 So.3d 1188, 1191.
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Green v. State Farm Mutual Automobile Insurance Company, 07-0094, p. 3 (La. App. 1st Cir. 11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 (La. 3/7/08), 977 So.2d 917.
UM Coverage
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Bernard v. Ellis, 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002. The role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the parties as reflected by the words in the policy. La. C.C. art. 2045 ; Peterson v. Schimek, 98-1712, p. 4 (La. 3/2/99), 729 So.2d 1024, 1029. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent, and the agreement must be enforced as written. La. C.C. art. 2046 ; Fouquet v. Daiquiries & Creams of Mandeville, L.L.C., 10-0233, p. 4 (La. App. 1st Cir. 9/13/10), 49 So.3d 44, 47.
Uninsured motorist coverage embodies a strong public policy, which is to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability insurance. Cutsinger v. Redfern, 08-2607, p. 5 (La. 5/22/09), 12 So.3d 945, 949. The underlying purpose of uninsured motorist coverage is "to promote and effectuate complete reparation, no more or no less." Cutsinger, 08-2607 at p. 5, 12 So.3d at 949 (quoting Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 579 (La. 1982) ).
The UM endorsement to the All Risk Policy issued to the Co-Op provides, in pertinent part:
A. Coverage
1. We will pay all sums the "Insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "Insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
* * *
B. Who Is An Insured
If the Named Insured is designated in the Declarations as:
1. An individual, then the following are "Insureds":
a. The Named and any "family members".
*631 b. Anyone else "occupying" with the Named Insured's express or implied permission a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
d. Anyone else "occupying" an "auto" the Named Insured does not own who is an "Insured" for Covered Autos Liability under the Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability under the Coverage Form.
2. A partnership, limited liability company, corporation or any other form of organization, then the following are "Insureds":
a. Anyone "occupying" with the Named Insured's express or implied permission a covered "auto" or a temporary or substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "Insured".
c. Anyone else "occupying" an "auto" the Named Insured does not own who is an "Insured" for Covered Autos Liability under the Coverage Form, but only at the times when that person is an "Insured" for Covered Autos Liability under the Coverage Form.
F. Additional Definitions
As used in this endorsement:
* * *
2. "Occupying" means in, upon, getting in, on, out or off.
The named insured on the declarations page of the All Risk Policy is "Washington-St. Tammany." Therefore, the applicable definition of named insured for purposes of the UM endorsement is found in subparagraph 2. According to the plain language of the endorsement, in order to be an insured under the UM portion of the All Risk Policy, Jourdan had to be "occupying" an auto. It is undisputed that at the time of the accident at issue, Jourdan was not "occupying" an auto. Therefore, according to the plain language of the UM endorsement, Jourdan is not entitled to contractual UM coverage under the UM Endorsement of the Federated Policy.
However, the Louisiana Supreme Court has found that plaintiffs are entitled to UM coverage under the policy if they are insured under the auto liability coverage. See Bernard, 11-2377 at p. 6, 111 So.3d at 1000 ; see also Howell v. Balboa Insurance Company, 564 So.2d 298, 301-02 (La. 1990) ; Hobbs v. Rhodes, 95-1937, pp. 5-7 (La. App. 4th Cir. 11/30/95), 667 So.2d 1112, 1115-1116, writ denied, 96-0733 (La. 5/3/96), 672 So.2d 691.
The Automobile and General Liability Insurance portion of the policy provides, in pertinent part:
F. Persons Insured
Each of the following is an insured under this insurance to the extent set forth below:
1. the organization listed in the Declarations and any executive officer, director, trustee, employee or volunteer of the policyholder while acting within the scope of their duties as such;
*632 There is no dispute that Jourdan was a director of the Co-Op, the policyholder listed on the declarations page, at the time of the accident. Plaintiffs submitted the deposition testimony of Sherri Goss, administrative assistant to the general manager of the Co-Op for twenty years, who stated that the board of directors for the Co-Op normally has a meal after the board meetings that is paid for by the Co-Op. Goss further stated that she completed a Metropolitan Life Insurance Company Statement of Claim for Business Travel Accident Benefits (MetLife) form, wherein she answered "yes" to whether the covered person suffered a loss as the result of an accident that occurred while he was traveling on company business. Goss further indicated that the loss was "Death" and noted that the nature of the company business was "Attend Regular Monthly Meeting of Board of Directors and meal following." Goss stated that no one ever told her that her response was incorrect.
Plaintiffs also submitted the deposition of Charles Hill, general manager of the Co-Op, who stated that the directors, general manager, and attorney for the Co-Op go to dinner after the board meetings. Hill stated that the dinners were a moment of fellowship after the board meetings, and no one was required to go to the dinners. According to Hill, the dinners were a "thank you" for the directors. However, Hill stated that he approved payment of the dinners as a legitimate business expense of the Co-Op. According to Hill, he would not have approved payment by the Co-Op of the dinners if the dinners were not related to the Co-Op's business. Furthermore, while Hill acknowledged that there was "tribulation" over filling out the insurance forms and answering "yes" to the work related question, he did not dispute that the Co-Op provided information to MetLife and the National Rural Electric Cooperative Association (NREC) that the accident at issue was work related.
Federated submitted depositions of Dennis Glass and Joe Jarrell, both Co-Op board members. Both men testified that the dinners following the board meetings were not mandatory, and Jarrell stated that it was explained to him at his first board meeting that the dinners were for fellowship. Glass stated that a lot of times, people did not go to the dinners because they had other things to do, and Jarrell admitted that once he learned that the dinners were not mandatory, he relaxed in going. Furthermore, Glass and Jarrell both stated that once the board meetings adjourned, the board's business was done, and therefore, they rarely, if ever, talked about Co-Op business at these dinners, but rather, they talked about politics, hunting, and fishing.
Accordingly, from our review of the evidence in the record, we find there is a genuine issue of material fact as to whether attending a dinner following the Co-Op board meeting was within the scope of a director's duty. See Joliboix v. Cajun Comfort, Inc., 16-0414, p. 4 (La. App. 5th Cir. 12/7/16), 207 So.3d 655, 658 (noting that the determination of whether an injury occurred within the course and scope of employment is a mixed question of law and fact).[1]
*633 CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings. All costs of this appeal are assessed to Iris Nell Spinks Jourdan, Robin Rene Jourdan Smith, and Misty Michelle Jourdan Appe.
REVERSED AND REMANDED; MOTION FOR PARTIAL DISMISSAL OF APPEAL DENIED AS MOOT.

Plaintiffs filed a motion for partial dismissal of Federated's appeal, because Federated sought not only reversal of the trial court's judgment granting summary judgment in favor of plaintiffs but also sought a judgment from this court entering summary judgment in favor of Federated, finding that there is no coverage under the Federated policy. However, because we find genuine issues of material fact exist precluding the granting of summary judgment in favor of either party, we deny plaintiffs' motion as moot.